VAILSBURG AMUSEMENT COMPANY, INCORPORATED, AP-PELLANT, v. CRITERION INVESTMENT COMPANY, RE-SPONDENT.

Decided September 5, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the appellant, *Richard J. Filz Maurice.*

For the respondent, *Saul & Joseph E. Cohn.*

PER CURIAM.

The defendant is the owner of a building which contains a moving picture theatre and two stores, located upon the corner of South Orange avenue and Telford street, in the city of Newark. The plaintiff is the lessee of the building. One of the provisions of the lease required it to deposit with the owner of the property the sum of $12,000 as security for the faithful performance of the terms and conditions thereof; and that upon the vacation of the premises by the lessee or upon its failure to perform any of the terms and conditions of the lease, the owner should have a right to retain such fund as liquidated damages. The lease was for a term of fifteen years commencing on March 15th, 1921, the annual rental being $12,000 for the first ten years payable in equal monthly installments plus the payment of the annual taxes assessed against the property. The plaintiff entered into possession under the lease, deposited with the defendant the $12,000 required by the provision referred to as security for the faithful performance of its terms and conditions; rented the two stores to sub-tenants, and itself operated the theatre until sometime in June, 1927. At that time Telford street was improved by the city of Newark, with the result that the level thereof was raised about a foot and a half higher than the level of the doors of the theatre. Shortly after that, a license required to be obtained by the plaintiff as the operator of the theatre from the municipal authorities of Newark, expired, and it then applied for a renewal thereof. This application was denied upon the ground that since the raising of the grade of Telford street there was a lack of proper exits leading into it. Thereupon the plaintiff abandoned the further use of the theatre, refused to pay installments of rent thereafter accruing, and demanded the return of the $12,000 deposit, although it continued to collect rents from

the sub-tenants occupying the stores up to the time of the institution of the present suit. The defendant refused to return the deposit and the plaintiff then instituted the present suit for the purpose of recovering the amount of that deposit, claiming that the refusal to repay it was without legal justification for the reason that there had been an eviction of the plaintiff by the defendant of that part of the leasehold estate used as a theatre, and that for this reason the plaintiff was under no obligation to continue the payment of rent or to continue the performance of any other of the covenants contained in the lease. The defendant, by its answer, denied its obligation to return the deposit, asserting that by the terms of the lease it was entitled to retain possession thereof, notwithstanding the fact that as a result of the elevation of Telford street, access to and egress from the theatre had been destroyed unless and until a change was made in the elevation of the entrance in the theatre to correspond with the new level of Telford street. It further contended that it was not in any degree responsible for the changed condition, and that therefore it was not guilty of the eviction claimed by the plaintiff; and that being so, was under no obligation to return the deposit money until the termination of the lease. It also counter-claimed for the unpaid rent and taxes that had accrued since the abandonment of the use of the theatre by the plaintiff and up to the time of the institution of the present suit. The trial resulted in the direction of a verdict in favor of the defendant so far as the plaintiff's case was concerned, and also in the direction of a verdict in favor of the defendant on its counter-claim for rent and unpaid taxes. The present appeal is from the judgment entered on the verdicts both as to the plaintiff's claim and the defendant's counter-claim.

Taking up the question of the validity of the defendant's counter-claim, we consider the trial court was justified in the course pursued by it. It is entirely settled by our decisions that in order to impose upon the landlord the penalty of a suspension of the entire rent during the continuance

of an eviction of a tenant from a portion of the premises, it is necessary that it appear that the eviction was brought about by the landlord himself, or by his agency or procurement. The facts already recited demonstrate that the defendant was not in any degree responsible for the raising of the grade of Telford street, and the refusal of the municipality thereafter to grant a permit to the plaintiff for the carrying on of the theatre; and this being so, assuming that the action of the city, after raising the grade of the street, in refusing the permit, constituted an illegal infringement of the plaintiff's rights, the landlord was in nowise responsible for it, and therefore it did not impose upon it the penalty of a suspension of the rent during the continuance of the eviction.

As to the claim of the plaintiff that it is entitled to recover the $12,000 deposited by it with the defendant as security for the performance of the terms of the lease, we consider that the trial court was justified in determining that by the terms of the lease the landlord was entitled to retain the possession of the deposit at least until the end of the term specified in the lease, or until the lease was earlier terminated by the consent of the parties, or by operation of law. The course pursued by the plaintiff of continuing to collect rents due from the sub-tenants occupying the stores, demonstrates that the primary lease was still in effect at the time of the institution of the suit, and as a result thereof the defendant was under no obligation to return the deposit money to the plaintiff.

For the reasons indicated the judgment under review will be affirmed, with costs to the respondent.