121 N.J. Super. 401 (1972)
297 A.2d 219
BROWNSTONE ARMS, PLAINTIFF,
v.
LINDA ASHER, DEFENDANT.
Superior Court of New Jersey, Bergen County District Court.
Decided November 22, 1972.
*403 Mr. John P. Hogan for plaintiff (Messrs. Greenberg & Covitz, attorneys).
Mr. Ronald B. Atlas for defendant.
HUOT, J.D.C.
This is a landlord-tenant action for nonpayment of rent. The tenant contends that the landlord is holding a security deposit and advance for the last month of the term, in violation of N.J.S.A. 46:8-19 and N.J.S.A. 46:8-21.2, and seeks to have that money applied as rent to the two months for which she is in default.
The defense raised by the tenant is cognizable by the court in summary dispossess proceedings. Marini v. Ireland, 56 N.J. 130 (1970); Academy Spires, Inc. v. Jones, 108 N.J. Super. 395 (Law Div. 1970).
It is clear from the language of N.J.S.A. 46:8-19 that the security deposit given and the advance rent given by the tenant must be held in an interest-bearing account, cannot be mingled with any funds of the landlord, and the *404 landlord must notify the tenant in writing of the name of the banking institution in which these funds are being held. This has not been done.
N.J.S.A. 46:8-19 terms security deposits and advances on leases as deposits to secure performance of leases. N.J.S.A. 46:8-21.2 limits the amount of such deposits to 1 1/2 months' rent. Here the deposit amounted to two months' rent and is clearly violative of the law.
The purpose of a security deposit is to afford protection to the landlord in the event that the tenant defaults in the payment of rent, causes damage to the premises, or breaches any covenants in the lease. Where the lease provides, as it does here, that the landlord shall retain the deposit until the end of the term of the lease, he may not be compelled to apply it to any earlier default. United Cigar Stores Co. of America v. Heithaus, 132 A. 655 (N.J. Sup. Ct. 1922); Vailsburg Amusement Co., Inc. v. Criterion Inv. Co., 9 N.J. Misc. 951, 156 A. 114 (1931); Burnstine v. Margulies, 18 N.J. Super. 259 (App. Div. 1952). If this were not the case the landlord would be without protection for the remainder of the term.
N.J.S.A. 46:8-19 provides protection for the tenant. It gives him the right to earn interest on his money, to know where his money is, and to be safe from having his money misapplied by the landlord. The protection afforded the landlord by the courts and the protection afforded the tenant by the Legislature are not inconsistent.
Plaintiff has the equivalent of two months' rent, which has been illegally commingled with its other funds and which exceeds by $95 the amount of money which may be held by a landlord during the term.
Plaintiff contends that an amount equal to one month's rent is permitted to be held as security and that N.J.S.A. 46:8-21.2 does not prohibit the holding of rent advanced for the last month of the term. That is an erroneous reading of the entire statute and ignores the clear intent of *405 the Legislature expressed in N.J.S.A. 46:8-19, which reads in part:
Whenever money or other form of security shall be deposited or advanced * * * as security for performance of the contract, lease or agreement or to be applied to payments upon such contract, lease or agreement when due * * * [Emphasis added]
The court concludes that the intent of the Legislature was to limit the amount that a landlord could demand from a tenant, whether designated security, advance rent or otherwise, to a sum not exceeding the equivalent of 1 1/2 times the monthly rental payment agreed upon.
There is, however, no statutory authority in this court to grant defendant the relief she seeks. A violation of the provisions of N.J.S.A. 46:8-19 gives rise only to the right on the part of the tenant to have a trust enforced (N.J.S.A. 46:8-22) or to file a criminal complaint for diversion (N.J.S.A. 46:8-25). There is no criminal complaint before this court.
When, as here, a violation of N.J.S.A. 46:8-19 is shown to exist, the landlord should be ordered to comply with the act, deposit the security monies as required by law, notify the tenant of the location of the funds, and account for all interest that should have been earned from the time the deposit should have been made. This will effectuate the purposes of the act, which was intended to protect the security deposit. It was not the intent of the Legislature to change the character of the money from security to rent.
There is, of course, no problem with respect to the one month's rent deposited specifically as security. A problem does arise with respect to the one month's rent paid in advance for the rent for the last month of the term. The lease expressly states that this is rent to be applied upon the last month. N.J.S.A. 46:8-19 characterizes such an advance as a deposit to secure performance of the lease. As such, the landlord has taken more security than the law allows *406 (N.J.S.A. 46:8-21.2). It is clear that the landlord may not retain all of this advance rent until the end of the term. May the landlord retain half of the month's advance rent and thereby have the statutory limit as security, or should the court direct a credit to defendant's unpaid rent?
There is no sanction in the statute that the Legislature has directed against a landlord for violation of N.J.S.A. 46:8-21.2. It must, therefore, have been the intent of the Legislature that any excess funds in the hands of the landlord be applied to use and occupancy. Since the Legislature intended a landlord to have 1 1/2 times one month's rent, the court holds that the plaintiff herein is entitled to retain $285 as security and must apply the remaining $95 toward the rent due for September 1972.
The court thus orders that plaintiff shall, by December 1, 1972:
(1) Deposit $285 in a banking institution or savings and loan association in this State insured by an agency of the Federal Government in an interest-bearing account.
(2) Deposit to such account, in addition, an amount equal to what interest would have accrued thereon had the same been deposited on February 3, 1972 (the date of execution of the lease).
(3) Provide this court with proof of such deposits.
(4) Notify defendant, in writing, the name and address of such banking institution.
(5) Credit defendant for the month of September 1972 with the payment of $95 toward the rent of $190.
(6) Credit defendant toward the September rent of $4.75, which is the equivalent of 6% interest on the $95 excessive security.
When this has been done, a judgment for possession will be entered on a finding that there remains unpaid for September 1972 rent in the amount of $90.25. A warrant may thereafter issue, unless defendant pays the balance of said amount. No costs will be afforded in this matter.