131 N.J. Super. 473 (1974)
330 A.2d 596
JOHN MELENDY AND CAROLYN MELENDY, PLAINTIFFS-RESPONDENTS,
v.
WOODBRIDGE GARDENS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 26, 1974.
Decided December 19, 1974.
*475 Before Judges HALPERN, CRAHAY and ACKERMAN.
Mr. Harry R. Howard, attorney for appellant.
Mr. John Melendy and Mrs. Carolyn Melendy, pro se.
PER CURIAM.
Appellant corporation, a landlord, was sued in the small claims division by respondent tenants for the return of balance of security deposit. The landlord had previously returned $120.60 of an original deposit of $315, having deducted and retained a sum equal to half a month's rent plus a total of $100 for other items, including cost of repainting, which the landlord claimed the tenants were obligated to pay upon termination of the tenancy.
The trial judge directed that judgment be entered in favor of the tenants for the remaining balance of the deposit without allowing any deduction to the landlord. Although he made no findings of fact or conclusions of law other than as are implied in his directions for judgment, it is apparent that he disallowed the items for repainting and the like on the ground that the lease did not impose such termination expenses on the tenants. The landlord does not appeal from this finding. The sole ground for appeal is that the trial judge did not permit the landlord's set-off or deduction for the one half month's rent.
Although it is apparent that there was basis for dispute as to whether the landlord was entitled to such deduction on the facts, the trial judge did not pass upon the merits.[1] *476 He simply took the position that the matter was not properly before him, stating to the landlord's attorney, "There is a remedy for that, isn't there, which is outside the security for deposit." The landlord claims that the trial judge erred in declining to pass upon the propriety of the deduction. We agree and reverse.
Although R. 6:3-4 provides that summary actions between landlord and tenant for the recovery of premises and forcible entry and detainer actions shall not be joined with any other cause of action and that a defendant may not file a counterclaim or third-party complaint in such proceedings, it is clear that there is no similar restriction on an action in the small claims division for recovery of a security deposit. The statutes contemplate that all disputes relating to such deposit shall be resolved in the one proceeding.
By L. 1970, c. 188, the statutes relating to jurisdiction of the small claims division were amended to specifically vest jurisdiction in that division, coextensive with the jurisdiction of the county district court, of matters relating to security deposits. N.J.S.A. 2A:6-43 was amended to provide that, in addition to actions in contract and actions for property damages resulting from negligence in a motor vehicle accident where the matter in dispute does not exceed $200, the small claims division should also have jurisdiction of "actions between landlord and tenant where the matter in dispute is the return of all or part of a security deposit * * * where * * * the matter in dispute does not exceed * * * $500.00 * * *." N.J.S.A. 2A:6-44 was amended to provide, *477 among other things, that "[t]he plaintiff in a complaint or the defendant in the counterclaim or third-party complaint may waive the excess over * * * $500.00 in the matter of a security deposit in order to bring the respective claim within the jurisdiction of the division of small claims * * *."
These statutes by their express terms not only envisage that the entire dispute involving the determination of the ultimate amount to be returned to a tenant on a security deposit may be resolved in one action in the small claims division but also provides that such action may be asserted in a counterclaim or third-party complaint and thus be heard with other matters.
The same clearly appears from the statutes dealing specifically with security deposits. These statutes were revised and amended in 1971 (L. 1971, c. 223). N.J.S.A. 46:8-19 and 46:8-20 recognize that deposits are permitted as security for the full performance of all of the terms of a lease including provisions for payment of rent. N.J.S.A. 46:8-21.1, dealing with returns of deposits, provides:
Within 30 days after the expiration of the term of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest earned thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement. Any such deductions shall be itemized and the tenant or licensee notified thereof by registered or certified mail. In any action by a tenant or licensee for the return of moneys due under this section, the court upon finding for the tenant or licensee shall award recovery of double the amount of said moneys, together with full costs of any action.
The broad scope of these statutes makes it clear that the Legislature intended to vest in the small claims division and in the county district court jurisdiction to dispose in one action of all disputes relating to the amount to be returned to tenants on security deposits including, if involved in the particular case, the determination of the propriety of a deduction made by the landlord for unpaid rent at the termination of the lease or for damages for failure of the tenant to *478 comply with the terms of the lease or tenancy. See Berzito v. Gambino, 63 N.J. 460, 469 (1973); Watson v. Jaffe, 121 N.J. Super. 213 (App. Div. 1972); Tanella v. Rettagliata, 120 N.J. Super. 400, 410-413 (Cty. D. Ct. 1972); Burstein v. Liberty Bell Village, Inc., 120 N.J. Super. 54 (Cty. D. Ct. 1972); Brownstone Arms v. Asher, 121 N.J. Super. 401 (Cty. D. Ct. 1972).
The landlord was therefore entitled to have his claim heard and disposed of on the merits. We reverse and remand for further proceedings in accordance with this opinion. We do not retain jurisdiction.
NOTES
[1] All the facts were not developed at the hearing below and the evidence was sparse. It is clear that the original lease ran for one year from June 1, 1972 to May 31, 1973. The tenants held over and presumably became month-to-month tenants. N.J.S.A. 46:8-10. They gave only three days notice that they were vacating on August 1, 1973. A new tenant was secured as of August 15, and the landlord claimed that, since the tenants were required to give 60 days' notice of termination under the written lease (or one month's notice as month-to-month tenants) they were required to pay an amount equal to one-half month's rent as rent for as damages for premature termination. The tenants testified that they left because of unremedied problems with water bugs, cockroaches and mice, and this raised a question of their right to leave without notice because of constructive eviction. The factual questions were not resolved  and may be presented at a remand hearing.