153 N.J. Super. 48 (1977)
378 A.2d 1169
JOHN L. SMITH, PLAINTIFF-APPELLANT,
v.
RENEE STARK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1977.
Decided June 15, 1977.
*49 Before Judges LORA, CRANE and MICHELS.
Mr. Stanley Varon argued the cause for appellant.
No brief was filed on behalf of respondent.
PER CURIAM.
Plaintiff appeals from a judgment of the Essex County District Court, Division of Small Claims, in favor of defendant in plaintiff's action to recover his rent security deposit and the penalty imposed by N.J.S.A. 46:8-21.1 by reason of defendant's failure to return the security deposit within 30 days as required by that statute.
On March 6, 1975 plaintiff entered into a lease with defendant to rent the latter's apartment on a month-to-month basis. The monthly rental was $175, which was subsequently increased to $185. Plaintiff was required to pay a security deposit of $185. The lease provided that plaintiff was to give defendant one month's notice prior to terminating the tenancy. Plaintiff claimed that on or about August 6, 1975 he notified defendant orally that he would vacate the apartment in the early part of September 1975, and that he, in fact, vacated the apartment on September 6, 1975. Defendant claimed that the lease agreement commenced on March *50 1, not March 6, that plaintiff did not give her the required notice of termination of the tenancy, and that plaintiff held over and occupied the apartment without paying the monthly rent for September. When plaintiff finally vacated the premises, defendant did not return the security deposit within 30 days as required by N.J.S.A. 46:8-21.1 and did not notify plaintiff of the reason for refusing to return the deposit.
At the conclusion of the hearing, which consisted solely of plaintiff's testimony and colloquy between the attorneys for the parties and the court, the judge found, contrary to plaintiff's testimony, that the lease commenced on the first day of the month and that the apartment had not been re-rented following the vacation thereof by plaintiff. The judge apparently concluded that plaintiff breached the lease when he failed to give the required 30-day notice of termination prior to the start of the new monthly term on September 1, and that plaintiff continued to occupy the premises until at least September 6, 1975 without payment of rent for September. The judge therefore found in effect that defendant was justified in refusing to return the deposit and entered judgment in her favor. Plaintiff appeals.
We are entirely satisfied that the trial judge erred in failing to impose the penalty provided by N.J.S.A. 46:8-21.1. The purpose of the statute is clear. It was adopted to protect tenants from over-reaching landlords who require rent security deposits from tenants and then divert such deposits to their personal use. Watson v. Jaffe, 121 N.J. Super. 213, 214 (App. Div. 1972). The statute expressly provides:
Within 30 days after the expiration of the term of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest earned thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement. Any such deductions shall be itemized and the tenant or licensee notified thereof by registered or certified mail. In any action by a tenant or licensee for the return of moneys due under this *51 section, the court upon finding for the tenant or licensee shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorneys' fees.
The proofs establish beyond question that defendant did not return the security deposit or any portion thereof to plaintiff and did not notify him by registered or certified mail as to any reason for retaining the deposit. In the circumstances the trial judge erred in holding that plaintiff was not entitled to the return of the deposit and to penalties provided by the statute. Plaintiff is entitled to an award of double the amount of the security deposit, plus interest thereon, together with costs.
We find from our independent examination of the record that defendant is entitled to a credit or set-off for unpaid rent due and owing as a result of plaintiff's alleged occupation of the apartment without paying the rent. Counsel for plaintiff conceded this at oral argument. Cf. Melendy v. Woodbridge Gardens, Inc., 131 N.J. Super. 473, 477-78 (App. Div. 1974). We note, however, that the trial judge erred in basing his similar findings on these issues of fact on statements made by defendant's attorney. Those statements were not admissible in the absence of a stipulation by plaintiff's attorney and could not form the basis for a factual determination on the issue of damages by the court.
Accordingly, we reverse the judgment of the Essex County District Court and remand the matter for further proceedings consistent with the opinion of this court. We do not retain jurisdiction.