161 N.J. Super. 403 (1978)
391 A.2d 978
CLARA ALSTON, PLAINTIFF,
v.
LEVI THOMAS AND ANN THOMAS, DEFENDANTS.
Superior Court of New Jersey, District Court, Essex County.
July 10, 1978.
Essex-Newark Legal Services, for plaintiff (Mr. Harris Gould, of counsel).
Mr. Julius Bruckner for defendants.
*404 YANOFF, J.C.C. (temporarily assigned).
In this case plaintiff tenant claimed double damages from defendants landlords under the provisions of N.J.S.A. 46:8-21.1 for failure to return security deposited under a written lease in the amount of $620[1] and damages for breach of implied warranty of habitability. Landlord counterclaimed for nonpayment of rent amounting to $620 for two months, damages to the leased premises, and payment of a gas bill which landlord claimed should have been paid by tenant. The statute in question reads:
Within 30 days after the expiration of the term of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest earned thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement. Any such deductions shall be itemized and the tenant or licensee notified thereof by registered or certified mail. In any action by a tenant or licensee for the return of moneys due under this section, the court upon finding for the tenant or licensee shall award recovery or double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorneys' fees. [Emphasis supplied]
At trial, plaintiff's attorneys conceded that on May 19, 1977, the date when plaintiff moved from the premises as the result of an eviction order made by the Essex County District Court, tenant was indebted to landlords for two months' rent totalling $620. Landlords conceded that they had not sent tenant a written notice, as required by N.J.S.A. 46:8-21.1, with the explanation that they could not learn where tenant had moved and therefore had no place to send notice.
*405 Factual findings at the conclusion of trial disposed of all issues except the effect of lack of notice of the deductions and manner of application of credits to which landlords were entitled. Tenant's position was that landlords' failure to supply tenant with an itemized explanation of deductions from the security within 30 days entitled tenant to recover double the amount of the security under Smith v. Stark, 153 N.J. Super. 48 (App. Div. 1977) (in the case at bar $1240) and that landlords' credits were to be deducted from that sum. The court found as fact that if it agreed with plaintiff's contention, there would be a verdict in favor of plaintiff for the sum of $191, plus interest on the security deposit, and that if it agreed with defendants' contention that plaintiff's credits should be deducted from the security deposit before the imposition of penalty, there would be a judgment for defendants against plaintiff on the counterclaim in the amount of $429.20, minus interest on the security deposit for the period September 9, 1976 to May 19, 1977.
With respect to landlords' contention that they could not give tenant notice of the deductions because they did not know where tenant had moved, the court finds as a fact that landlords did not know how to reach tenant after tenant vacated the premises. Inquiry was made of tenant's mother, but tenant's mother refused to disclose tenant's whereabouts, probably because tenant was indebted to landlords.
The statute makes no provision for this situation. It would seem reasonable that when the landlord does not know where the tenant has moved, and makes diligent, good faith efforts to find tenant without success, then the giving of notice required by the statute should be excused. Legislation should be given a reasonable meaning, and interpretations leading to absurd results are to be avoided. State v. Gill, 47 N.J. 441 (1966); Citizens for Charter Change v. Caputo, 151 N.J. Super. 286 (App. Div. 1977). The Legislature could not have expected the impossible. The court therefore *406 rules that under the particular facts of this case no penalty attaches simply because of landlords' failure to give notice of deductions from the security.
Remaining to be determined is whether there was any indebtedness from landlords to tenant as to the security. As to this the court rules that Smith v. Stark, supra, does not support tenant's contention that credits due landlords should be deducted only from the sum fixed as a penalty under the statute, and holds that the landlords' credits should be deducted from the security before the penalty provision of the statute is applied. The lease in the case at bar provided that the money deposited was security for the performance by tenant of all the obligations of the lease, which included payment of rent. It will be noted that the obligation of landlords under the statute is to return to tenant the security deposit, minus proper charges. The action which tenant may bring against landlords for security deposit is for "return of moneys due." The penalty which a court is authorized to impose is "double the amount of said moneys." The immediate antecedent to the words "said moneys" is "moneys due," not the sum deposited as security. Had the Legislature intended that the penalty be imposed by doubling the amount of the security before deduction of credits to which the landlords were entitled, it would have used other language; it could have said: "The Court, upon finding for the tenant * * * shall award recovery of double the amount of the sum so deposited."
In Smith v. Stark, supra, plaintiff sued to recover his security deposit and the penalty imposed by the statute. Instead of a full trial, the hearing consisted solely of plaintiff's testimony and colloquy between the attorneys for the parties. The judge found in favor of the defendant. On appeal there was a reversal and the matter was remanded to the county district court for further proceedings. The per curiam opinion of the Appellate Division stated:
The proofs establish beyond question that defendant did not return the security deposit or any portion thereof to plaintiff and did *407 not notify him by registered or certified mail as to any reason for retaining the deposit. In the circumstances the trial judge erred in holding that plaintiff was not entitled to the return of the deposit and to penalties provided by the statute. Plaintiff is entitled to an award of double the amount of the security deposit, plus interest thereon, together with costs.
We find from our independent examination of the record that defendant is entitled to a credit or set-off for unpaid rent due and owing as a result of plaintiff's alleged occupation of the apartment without paying the rent. Counsel for plaintiff conceded this at oral argument. [153 N.J. Super. at 51; emphasis supplied]
In the case at bar plaintiff argues that the sentence underlined requires that any credits to the plaintiff be deducted from the security after the imposition of the penalty provided by the statute. The court concludes that, taken in context, Smith v. Stark did not so hold and left open the question whether plaintiff's credits should be given before imposition of the penalty or after. The case did not decide what the balance between the parties was; it did no more than remand to the trial court for determination of that fact.
There is no question that a landlord is entitled to retain that portion of the security deposit necessary to compensate for the damages actually sustained by reason of the tenant's breach of the lease agreement. See Melendy v. Woodbridge Gardens, Inc., 131 N.J. Super. 473 (App. Div. 1974); Burns v. WestAmerica Corp., 137 N.J. Super. 442, 446-447 (Cty. Ct. 1975); Watson v. United Real Estate, Inc., 131 N.J. Super. 579 (Cty. Ct. 1974).
As indicated, legislation should be given a reasonable interpretation. State v. Gill and Citizens for Charter Change v. Caputo, both supra. The object of the statute is to protect tenants from over-reaching landlords who divert security deposits. Smith v. Stark, supra, 153 N.J. Super. at 50; Watson v. Jaffe, 121 N.J. Super. 213, 214 (App. Div. 1972). This objective can be accomplished without the imposition of arbitrary and unreasonable penalties. It must be remembered that the major deterrent to an over-reaching landlord is not the requirement of an accounting, but the fact that the *408 statute enhances the odds against a landlord. In many cases a landlord cannot be absolutely certain how a court would view his claim against the tenant. If he is wrong, he pays double, and possibly counsel fees and costs. A prudent landlord will, therefore, be inclined to give the benefit of the doubt to the tenant. The Legislature could hardly have intended that a landlord who owed a tenant nothing should be held responsible in double the amount of the security deposit if he failed to perform the mechanical act of sending the tenant an accounting. In the case at bar it was clear that on the date when the tenant moved out of the premises under the compulsion of an eviction order, there could be no debt from landlords to tenant, except for interest on the security deposit for the period September 9, 1976 to May 19, 1977. By reason of the facts in this case, the indebtedness of tenant to landlords excluded also the interest. This does not mean that landlords have no duty to account, even when they owe tenant nothing. In any case the obligation of a trustee to account. (United Towns B. & L. Ass'n v. Schmid, 23 N.J. Super. 239, 246 (Ch. Div. 1952)) obligates landlords to do so since N.J.S.A. 46:8-19 constitutes a landlord a trustee as to security deposits. Additionally, N.J.S.A. 46:8-25 makes it a disorderly person's offense to use security improperly. These provisions create adequate motivation for accounting.
There will, therefore, be a judgment in favor of landlords against tenant in the sum of $429.20, minus interest on the security in the amount of $20.70, or $408.50, plus costs.
NOTES
[1] Clearly, this was excessive under N.J.S.A. 46:8-21.2, which limits security deposits to 1 1/2 times the monthly rental. See Brownstone Arms v. Asher, 121 N.J. Super. 401 (Cty. D. Ct. 1972). This does not change the result herein, as tenant received credit for the entire security deposit against rent.