258 N.J. Super. 1 (1992)
609 A.2d 45
ALBA AND CARLOS VELIZ, PLAINTIFFS-APPELLANTS,
v.
JOHN J. MEEHAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1992.
Decided June 11, 1992.
*2 Before Judges ANTELL and LONG.
Mark Denbeaux argued the cause for appellants (Essex-Newark Legal Services, Seton Hall Law School, Hispanic Clinic).
No appearance on behalf of respondent.
The opinion of the court was delivered by LONG, J.A.D.
On November 1, 1989, plaintiffs, Alba and Carlos Veliz (tenants) entered into a residential lease with defendant, John J. Meehan (landlord) for an apartment at 201-11 Orchard Street in Elizabeth. The lease was for a period of one year at a monthly rental of $530.00. The tenants paid the landlord a security deposit in the amount of $795.00 (one and one-half months rent). On June 14, 1990, the tenants gave the landlord 45 days written notice of their intent to vacate the apartment as of July 31, 1990. They, in fact, vacated on July 18, 1990. The July rent was paid in full. Despite their demands for the return of the *3 security deposit, the landlord never returned it or expressed, in writing or otherwise, his reasons for keeping the deposit.
In November, 1990, the tenants filed a complaint against the landlord claiming that he wrongfully withheld their security deposit and requesting the award of mandatory double damages pursuant to the Security Deposit Act, N.J.S.A. 46:8-21.1. The complaint alleged that the landlord had relet by July 31, 1990 and thus had sustained no losses from the tenants' vacation of the premises. The landlord never answered the complaint nor did he appear at the hearing which took place on April 22, 1991. The tenants testified essentially to the facts outlined above, although no testimony was elicited on the subject of the re-rental.
The trial judge dismissed the complaint on the ground that the tenants terminated the lease unilaterally prior to the expiration of the year's term. According to the judge, the Security Deposit Act only applies where a lease is "terminated with the mutual consent of the landlord and tenant in accordance with the lease provisions." Because the lease was for one year and there was no evidence of the landlord's consent, the trial judge held that the tenants were not entitled to the return of the security deposit. He also held that it was the tenants' obligation, in these circumstances, to show that the landlord sustained no damages. In reaching this conclusion, he distinguished this case from Sommer v. Kridel, 74 N.J. 446, 378 A.2d 767 (1977), which prescribed that a landlord seeking damages from a defaulting tenant is under a duty to show that he or she attempted to mitigate any losses by efforts to relet the premises. According to the judge, the cases are distinguishable in terms of the burden of proof because here, "the defaulting tenant [is] bringing an action against the landlord for return of the security deposit." In such a case, the judge concluded that the tenant bears the burden of showing the landlord was not damaged, a burden he found not to have been sustained here. The tenants appeal. We reverse.
N.J.S.A. 46:8-21.1 provides in part:

*4 Within 30 days after the termination of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement, to the tenant or licensee, or, in the case of a lease terminated pursuant to P.L. 1971, c. 318 (C. 46:8-9.1), the executor or administrator of the estate of the tenant or licensee or the surviving spouse of the tenant or licensee so terminating the lease. The interest or earnings and any such deductions shall be itemized and the tenant, licensee, executor, administrator or surviving spouse notified thereof by personal delivery, registered or certified mail.
........
In any action by a tenant, licensee, executor, administrator or surviving spouse for the return of moneys due under this section, the court upon finding for the tenant, licensee, executor, administrator or surviving spouse shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees.
By this language, the landlord is obliged to return a security deposit within 30 days of the termination of a lease. If the landlord believes he or she is entitled to make deductions from the deposit, it is the landlord's obligation to notify the tenant in writing. In order to prove a cause of action for the return of a security deposit, the former tenant must show the existence and subsequent termination of a landlord-tenant relationship, the receipt of a security deposit by the landlord, and the failure of the landlord to return the deposit moneys. Carter v. Sandberg, 189 N.J. Super. 42, 47, 458 A.2d 924 (Cty.Ct. 1983).
A tenant is not deprived of the benefits of the Security Deposit Act merely because of a default on the lease. Spialter v. Testa, 162 N.J. Super. 421, 430, 392 A.2d 1265 (Cty.Ct. 1978), aff'd, 171 N.J. Super. 181, 408 A.2d 444 (App.Div. 1979), certif. denied, 82 N.J. 300, 412 A.2d 806 (1980). Even in a default situation, upon termination, the landlord is obligated by the statute to return the security deposit or notify the tenant in writing, by registered or certified mail as to the reason for retaining it. Smith v. Stark, 153 N.J. Super. 48, 50-51, 378 A.2d 1169 (App.Div. 1977). Breach of this duty warrants imposition of double damages.
*5 The trial judge cast the burden on the wrong party when he concluded that the tenant failed to prove that the landlord had no reason to keep the security deposit. In addition to contravening the statute, this ruling violates the spirit of Sommer v. Kridel, supra, which is clearly applicable here. Reasoning from Sommer, in these circumstances it is the landlord who must prove that he or she suffered damages warranting retention of the security deposit and that he or she attempted to mitigate those damages. The landlord is in a superior position to advance such proofs. Indeed, if we were to accept the contrary view, the effect would be that defaulting tenants would automatically lose their security deposits because of the difficulty they would experience in attempting to prove that the landlord was not damaged. In the absence of a full-fledged investigation (an effort beyond most tenants), the silent treatment by the landlord (which is what occurred here) would be sufficient to preclude the tenants' proofs.
In sum, we hold that the Security Deposit Act applies facially to the termination of all leases, other than those specifically excluded by statute from the scope of its jurisdiction, whether by expiration of the contract period or by unilateral action by the tenant. In every case, the landlord is obliged to return the security deposit within 30 days or explain in writing why he or she is not doing so. Failing such action, the tenant is entitled to recover twice the deposit under the statute.
Reversed and remanded for the entry of judgment in favor of the tenants in accordance with this opinion.