**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5239-17T4

VIRGENA POLITE,

    Plaintiff-Appellant,

v.

LAURA MEDINA,

    Defendant-Respondent.

_____

> Submitted December 10, 2019 – Decided January 7, 2020
>
> Before Judges Hoffman and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. SC-002652-17.
>
> Virgena Polite, appellant pro se.
>
> Respondent has not filed a brief.

PER CURIAM

In this Special Civil Part lawsuit, plaintiff Virgena Polite (the tenant) appeals from a June 19, 2018 order for judgment, dismissing her complaint for the return of a security deposit. We affirm.

The facts are relatively straightforward. The matter involves a determination as to when the lease in question was terminated.[1] Plaintiff, as tenant, entered into a one-year lease of an apartment located at 58 Cypress Street in Newark. The initial lease term ran from June 1, 2015 through May 31, 2016, at a monthly rental of $1500. At the inception of the lease, plaintiff paid defendant Laura Medina, landlord, a security deposit in the amount of $1500.

According to plaintiff, she was forced to request an emergency move on June 26, 2017 with the assistance of the Newark Housing Authority (NHA). The NHA issued a Move Request Form. Plaintiff testified at the hearing that she had to move out of the apartment on August 6, 2017, because of elevated carbon monoxide levels in her apartment. Defendant disputed plaintiff's testimony and testified that on October 6, 2017, she received a text message from plaintiff that she vacated the apartment on October 5, 2017.

Plaintiff claims she mailed a copy of the Move Request Form to defendant at 232 Lt. Glenn Zamorski Drive in Elizabeth via certified and regular mail. The record shows the letters were returned to plaintiff and the United States Postal Service was unable to forward the letters to defendant's address in Florida.

---

[1] The lease is not included in the appellate record.

A-5239-17T4

Nonetheless, plaintiff argues this attempted service satisfied her obligation to notify defendant she was terminating the tenancy.

The trial judge considered the terms of the lease. Despite the evident intent of the landlord to lease the apartment to plaintiff for a one-year term, the judge aptly found the landlord and tenant relationship was "month-to-month" thereafter, which could only be terminated by providing the landlord thirty-days' notice. The rent continued at $1500 monthly. Further, the judge concluded the first time defendant became aware plaintiff moved was on October 6, 2017, as confirmed by plaintiff's text message. The judge explained:

> I'm not even sure I'd [c]ount the text message as a written notice for a deposit in writing. The only evidence I have aside from the testimony that it was verbal was this text message dated October 6th, where apparently you're telling her you moved on the day before.
>
> So the Rent Security Deposit Act, with that in mind; so in other words, based on the evidence in front of me, it does not appear, based on what I have, that a written letter was ever sent to the landlord indicating more than [thirty] days beyond the day, that you intended to leave as of October 5, 2017.

We exercise limited review of a trial court's fact-finding in a non-jury case. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). We are bound by a trial court's findings of fact when they are supported by "adequate,

substantial, credible evidence." Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). "Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Ibid. (quoting Cesare, 154 N.J. at 412). We will only disturb the court's fact findings if "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Cesare, 154 N.J. at 412). We review the court's legal conclusions de novo. Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

N.J.S.A. 46:8-21.1 provides in part:

> Within [thirty] days after the termination of the tenant's lease . . . the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement, to the tenant . . . .

"In order to prove a cause of action for the return of a security deposit, the former tenant must show the existence and subsequent termination of a landlord-tenant relationship, the receipt of a security deposit by the landlord, and the failure of the landlord to return the deposit moneys." Veliz v. Meehan, 258 N.J. Super. 1, 4 (App. Div. 1992).

N.J.S.A. 46:8-10 provides:

4

> Whenever a tenant whose original term of leasing shall be for a period of one month or longer shall hold over or remain in possession of the demised premises beyond the term of the letting, the tenancy created by or resulting from acceptance of rent by the landlord shall be a tenancy from month to month in the absence of any agreement to the contrary.

A tenant terminates a month-to-month tenancy by giving one month's notice of termination. Maglies v. Estate of Guy, 386 N.J. Super. 449, 453-54 (App. Div. 2006). A landlord may terminate a month-to-month tenancy "by the giving of [one] month's notice to quit . . . ." N.J.S.A. 2A:18-56(b); Center Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 350 (App. Div. 1993).

Thus, here the lease did not terminate until October 5, 2017, when plaintiff moved out. The judge correctly determined that the lease remained in effect for the month of October, thereby obligating plaintiff to pay the rent of $1500 for that month, entitling the landlord to keep the $1500 security deposit to cover the unpaid rent. The Move Request Form did not serve as valid notice of termination of the tenancy. Moreover, the Move Request Form was not served upon defendant.

Here, sufficient credible evidence supports the termination of the original tenancy, the creation of a new month-to-month tenancy, and plaintiff's failure to properly terminate that tenancy. The trial judge therefore properly denied

A-5239-17T4

plaintiff's claim for the return of her security deposit, which defendant rightfully applied to plaintiff's October 2017 owed rent. We discern no reason to interfere with the court's findings of fact or conclusions of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5239-17T4