**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3697-22

CHARLOTTE WALLACE AND
THE CHARLOTTE HAMILTON
WALLACE EDUCATION
TRUST,

      Plaintiffs-Respondents,

v.

MERRICK WILSON,

      Defendant-Appellant.

_____

Submitted March 4, 2025 – Decided July 1, 2025

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0578-21.

Merrick Wilson, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

In this landlord-tenant dispute, defendant landlord Merrick Wilson appeals from two May 26, 2023 Law Division orders, which granted summary judgment to plaintiffs tenants Charlotte Wallace and the Charlotte Hamilton Wallace Education Trust (collectively, Wallace), and denied his cross-motion to amend his counterclaims. We affirm.

I.

We derive the following facts from evidence submitted by the parties in support of, and in opposition to, the summary judgment motion. We view those facts in the light most favorable to defendant, the non-moving party. Crisitello v. St. Theresa Sch., 255 N.J. 200, 218 (2023) as revised (Aug. 14, 2023).

Wilson, who owns a home in Princeton, entered into a residential lease agreement with plaintiffs Charlotte Wallace and seven other co-tenants. The tenants were all college students and none of them were full-time New Jersey residents. The tenants agreed to lease the home for $12,000 per month from August 22, 2020, through November 21, 2020, and they paid an $18,000 security deposit. On August 28, 2020, an additional tenant, also not a full-time New Jersey resident, was added to the lease, and paid a security deposit of $1,300 and additional monthly rent of $900.

A-3697-22

Paragraph 6 of the lease stated: "Landlord shall comply with the Rent Security Deposit Act (SDA), N.J.S.A. 46:8-19 [to -26], unless [the lease] [was] for . . . a seasonal tenancy of not more than 125 consecutive days. Any attempt to waive the requirements of the [SDA] is prohibited and void as a matter of law." The lease further provided that "[t]he [s]ecurity [d]eposit may not be used by the Tenant for the payment of rent without the written consent of the [l]andlord."

Shortly after the onset of the COVID-19 pandemic, Governor Philip F. Murphy issued Executive Order 128 (EO128) on April 24, 2020, permitting residential tenants in New Jersey to apply their security deposits to pay rent. N.J. Exec. Order. No. 128 (April 24, 2020); Exec. Order No. 128 ¶ 1, 52 N.J.R.1043(a). EO 128 provided:

> Upon written request from a tenant, including electronic communication, a security deposit governed by the provisions of [the SDA] . . . shall be applied to or credited towards rent payments due or to become due from the tenant during the Public Health Emergency established in Executive Order No. 103 (2020) or up to [sixty] days after the Public Health Emergency terminates.
>
> [Id.]

Wallace and the eight other co-tenants paid their rent in full during the three-month lease. Wallace, pursuant to EO128, applied $1,450 of her security

deposit to pay for her last month's rent. One other tenant paid Wilson $900 for "an outstanding rental obligation" for October 2020; however, because Wilson had already collected the rent, the payment constituted an overpayment. Wilson refused to return the overpayment.

All tenants vacated the home, leaving it in broom swept condition and free of damage beyond ordinary wear and tear. Nevertheless, Wilson refused to return the remaining $17,850 security deposit within thirty days of the termination of the lease. The remaining security deposit of $17,850 was based on the original deposit of $18,000, plus the additional deposit of $1,300, less the $1,450 applied to the last month's rent. The eight co-tenants assigned their rights and securities, including the overpayment, to Wallace.

Thereafter, in March 2021, Wallace filed a complaint in the Law Division seeking damages for the security deposit, the overpayment, and attorney's fees. In April 2021, Wilson filed an answer and counterclaim alleging Wallace: (1) caused $32,675 in "extensive" damages; (2) did not pay the October rent; (3) did not pay the late penalty fees; (4) slandered his reputation to real estate agents and prospective tenants, preventing futures leases or sales; and (5) could not sue on behalf of the other tenants. Wilson also alleged that the seasonal lease was not covered by the SDA.

A-3697-22

Wilson did not provide complete answers to interrogatories or produce any documents during the discovery period. Instead, he responded: "[T]o be provided in the future." After receiving Wallace's ten-day demand letter, Wilson failed to cure the deficient interrogatory responses or provide the outstanding documents. Neither party moved to extend discovery.

Following the close of discovery, Wallace moved for summary judgment. Wallace argued the tenants paid the security deposit and monthly rents under the Lease, and Wilson failed to return the security deposit and the overpayment. Wallace further argued defendant was unable to establish tenants damaged the home, given the "complete absence of documents, witnesses, or other evidence." Accordingly, Wallace contended that under N.J.S.A. 46:8-21.1, they were entitled to double their $17,850 security deposit, resulting in a damage claim of $35,700.

In opposition to Wallace's motion, Wilson filed a counterstatement of material facts, but it contained no citations to the record. He also alleged, for the first time, that plaintiffs failed to pay a $1,350 water bill. Wilson attached numerous exhibits in support of his claims, but none of those exhibits had been produced in discovery. In September 2022, he also cross-moved to amend his

A-3697-22

counterclaim and answer, alleging common law fraud and violations of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -224.

Following oral argument on May 26, 2023, the trial court granted Wallace's motion for summary judgment. In rendering an oral decision, the court determined there was no genuine issues of material fact regarding the application of the SDA. The court point out that the reference in the SDA regarding seasonal lease of less than 125 days, related to putting the security deposit into an interest-bearing bank account. The trial court then reasoned that the "carve out" for the placement of the security deposit in an interest-bearing account did not relieve the landlord of the obligation to return the security deposit within thirty days.

The court rejected Wilson's argument that EO 128 did not allow the out-of-state tenants to apply their security deposit to pay rent. The court explained that "there [was] nothing in any of those five operative paragraphs [of the Executive Order] that impose any kind of means testing . . . or residency requirements [to use the security deposit to pay the last month's rent]."

As to Wilson's motion to amend his counterclaim to include the fraud claim and CFA claim, the court concluded defendant's application was "far too late." The court explained Wilson could have sought to reopen or extend

6

discovery but failed to do so. Accordingly, the court dismissed Wilson's counterclaims and denied his motion to amend his counterclaims.

The court entered judgment in favor of Wallace and against Wilson in the amount of $35,700, excluding the $1,450 applied toward rent pursuant to EO 128, $900 for the overpayment, and reasonable attorney's fees. The trial court also entered a separate order denying Wilson's motion to amend his counterclaims.

II.

Wilson raises four arguments on appeal for our consideration. He argues the trial court erred by (1) granting summary judgment and failing to recognize his damage claim, (2) doubling the security deposit without considering damages to offset the security deposit, (3) failing to recognize the seasonal lease agreement, which was not subject to the SDA, (4) allowing Wallace to use the security deposit to pay the October 2020 rent; (5) applying EO 128 to the lease; (6) awarding reasonable attorney's fees; and (7) denying his request to amend his counterclaims. Wallace did not file a respondent brief on this appeal.

A. The Summary Judgment in Favor of Wallace.

We review a trial court's grant of summary judgment de novo, applying the same standard as the trial court. Thomas Makuch, LLC v. Twp. of Jackson,

476 N.J. Super. 169, 184 (App. Div. 2023) (citing Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021)). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch, 244 N.J. at 582 (quoting R. 4:46-2(c)).

"Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Having reviewed the record and law, we hold that Wallace was entitled to summary judgment. The SDA requires a landlord to return a security deposit within thirty days of the end of the lease unless certain offsets apply. N.J.S.A. 46:8-19. The SDA also requires the security deposit to be held in trust for the tenants in an interest-bearing account, unless the lease is a seasonal lease for

less than 125 days. N.J.S.A. 46:8-19 (d). Wilson relied on the 125-day exception, but that exception did not apply to the deposit; rather it only allows him not to hold the deposit in an interest-bearing account. Thus, the trial court did not fail to consider the seasonal nature of the lease. Instead, it correctly ruled that N.J.S.A. 46:8-19 (d) did not excuse Wilson from returning the deposit, albeit without interest.

Wallace was also entitled to double the wrongfully withheld portion of the security deposit under N.J.S.A. 46:8-21.1. That statutory section states in relevant part: "In an action by a tenant … for the return of moneys due under this section, the court upon finding for the tenant … shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees." Id.

Moreover, Wilson's other defenses were not supported by competent evidence. Indeed, he failed to cite any competent evidence in his Rule 4:46-2(b) response to the motion for summary judgment. The record also establishes that he failed to meet his obligation as a landlord. Reilly v. Weiss, 406 N.J. Super. 71, 80-81 (App. Div. 2009). "Any deductions the landlord makes must be 'itemized,' and notice must be forwarded to the tenant." N.J.S.A. 46:8-21.1. Wilson ultimately failed to meet his burden to show entitlement to all or some

of the remaining security deposit. Hale v. Farrakhan, 390 N.J. Super. 335, 341 (App. Div. 2007); Veliz v. Meehan, 258 N.J. Super. 1, 5 (App. Div. 1992).

The trial court properly ruled "there was no genuine issues of material fact regarding the application of the SDA[,]" notwithstanding the lease duration for less than 125 days. The court further ruled the "carve out" for the placement of the security deposit in an interest-bearing account did not relieve the landlord of the obligation to return the security deposit within thirty days.

We agree with the judge's interpretations. See Kieffer v. Best Buy, 205 N.J. 213, 223 (2011) ("[W]e pay no special deference to the trial court's interpretation and look at the contract with fresh eyes."); Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998) ("Interpretation and construction of a contract is a matter of law for the court subject to de novo review."). Based on our de novo review, we see no error in the trial court's legal conclusion that the SDA applied to the lease and Wallace was entitled to the return of the security deposit. Hale, 390 N.J. Super. at 342-43.

Wilson also argues Wallace was not permitted to use the security deposit to pay the October 2020 rent under the terms of the lease. That argument, however, is not supported by the law. In Kravtiz v. Murphy, we considered the

10

constitutionality of EO 128 and held that EO 128 permitted residential tenants to use their security deposit to pay rent during the COVID-19 emergency. 468 N.J. Super. 592 (App. Div. 2021). We reasoned that it was "one of many measures meant to aid both the landlords and tenants to financially survive the pandemic." Ibid.

The undisputed material facts support the trial court's finding that Wilson wrongfully withheld the $17,850 remaining security deposit. Moreover, the trial court correctly applied the SDA in doubling that amount and allowed for an award of attorneys' fees. See Penbara v. Straczynski, 347 N.J. Super. 155, 160-61 (App. Div. 2022) (holding tenants are entitled to doubling and attorneys' fees for any portion of the security deposit which has been "wrongfully withheld").

B. Wilson's Motion to Amend.

We review a trial court's decision on a motion for leave to amend a pleading for an abuse of discretion. "'Rule 4:9-1 requires that motions for leave to amend be granted liberally' and that 'the granting of a motion to file an amended [counterclaim] always rests in the court's sound discretion.'" Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (quoting Kernan v. One Washington Park Urb. Renewal Assocs., 154 N.J. 437, 456-57 (1998)).

"An abuse of discretion 'arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Pitney Bowes Bank, 440 N.J. Super. at 382 (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "That exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte, 185 N.J. at 501.

Having reviewed the record, we discern no abuse of discretion in the trial court's denial of Wilson's motion for leave to amend. Wilson filed his cross-motion to amend sixteen months after the filing of his answer and counterclaim and after the completion of discovery. He provided no explanation for his delay in seeking to amend his counterclaims. Moreover, he had failed to produce any discovery and, therefore, he had no evidence to support his proposed claims of fraud and a violation of the CFA. To allow Wilson to assert fraud and CFA claims would cause undue delay and significant prejudice to Wallace. Thus, we conclude the trial court properly denied Wilson's cross-motion to amend his counterclaim and answer.

A-3697-22

To the extent that we have not addressed Wilson's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3697-22