156 N.J. Super. 77 (1977)
383 A.2d 460
LOUISA COLA, PLAINTIFF-RESPONDENT,
v.
SIDNEY PACKER, DEFENDANT-APPELLANT, AND SPARTACO V. TERZANO, CARVEL A. KLEE, I.I.S. FINANCIAL CORPORATION, A PENNSYLVANIA CORPORATION, AND INTERAMERICA INVESTORS SERVICES, INC., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1977.
Decided September 29, 1977.
Supplemental Opinion Following Remand January 17, 1978.
*78 Before Judges BISCHOFF, KOLE and G. GAULKIN.
Messrs. Packer & Packer, attorneys for appellant.
Mr. Leon S. Wolk, attorney for respondent.
PER CURIAM.
Defendant Sidney Packer appeals from a judgment entered against him and others on August 2, 1974 in the amount of $15,000 plus interest at the rate of 6% from January 16, 1971 plus costs.
The transaction which generated this litigation is described in detail in the opinion of the trial court, reported at 129 N.J. Super. 47 (Law Div. 1974).
Appellant contends that the trial judge erred when he, on his own motion, allowed an amendment to the complaint and pretrial order after trial was completed, "to conform to *79 proof pursuant to R. 4:9-2, to include the violations of N.J.S.A. 49:3-17 et seq., since the facts alleged and testimony adduced provided reasonable notice as to the basis upon which relief was sought." Id. at 50.
Plaintiff's verified complaint alleged a cause of action based upon fraud and deceit involved in a transaction occurring January 15, 1971. In the complaint plaintiff alleged that she was fraudulently induced to lend money on an interest-bearing investment and was defrauded because the transaction was not a loan but a purchase of securities. The defense asserted was that she did not lend money but invested in the purchase of securities.
The issues, as defined in the pretrial order filed March 1, 1973, are as follows:
LEGAL ISSUES AND EVIDENCE PROBLEMS: Fraud, deceit and damages; agency and disclosed principle [sic]. Contract, fraud in the inducement, performance, estoppel, laches.
The case came on for trial on October 23, 1974 and, in the course of his opening statement, plaintiff's counsel indicated he wished to amend the complaint to assert a cause of action based on a violation of the Uniform Securities Law, N.J.S.A. 49:3-47 et seq., specifically, N.J.S.A. 49:3-71, Civil Liabilities[1]. Plaintiff then moved for such an amendment and said:
*80 * * * [I]f there is any question again as to the theory, then I submit with all due respect the plaintiff be allowed an opportunity to properly amend and have a reasonable adjournment so that there is no question at all about the theory that the plaintiff is proceeding on.
Defendants objected to the application, contending that while they were ready to defend against the claim of a fraudulently induced loan, they were not prepared to defend a charge that they unlawfully sold securities.
The judge denied the motion to amend either the complaint or the pretrial order, stating:
I would find that at this point when we are ready to start the case that it would be prejudicial to the defendants to allow any amendment to the complaint or to the pretrial order to now bring this matter before the Court, so I am going to ask you to proceed on the cause of action as stated in the complaint and the pretrial order.
Plaintiff renewed his motion during the course of trial, and it was again denied.
In his opinion the trial judge, on his own motion, deemed the pleadings amended to include a violation of N.J.S.A. 49:3-47 et seq., as a basis for plaintiff's cause of action. Cola v. Terzano, supra at 50.
The judge concluded that the transaction described in the complaint was not grounded in fraud or deceit, Cola v. Terzano, supra at 58, 60, but found defendants guilty of a violation of N.J.S.A. 49:3-71 and entered a judgment against appellant and the other defendants for that reason.
Appellant contends it was prejudicial error for the judge to deem the pleadings amended for the first time at the end of the 13-day trial and argues prejudice resulted in the following respects:
(1) At trial, one counsel represented appellant and other corporate and individual defendants. It is contended that had appellant known that a statutory violation was charged, he would have engaged separate counsel. Such counsel would then have been able to file crossclaims and third-party *81 complaints seeking contribution and indemnity from the codefendants and others[2];
(2) The amendment resulted in the creation of a disabling conflict of interest on the part of the attorney representing appellant and multiple defendants;
(3) Counsel for appellant was unskilled in security matters and, had he been aware that appellant was to be charged with a violation of the Uniform Securities Law, counsel with expertise in the field would have been engaged, and
(4) Appellant was never afforded an opportunity to (a) defend the charge of statutory violation, (b) prove that the securities in question were exempt from the application of the statute, or (c) present arguments on that issue.
We conclude that, in all fairness, appellant Sidney Packer should be afforded an opportunity to present a defense to the charge that he violated N.J.S.A. 49:3-71 and was subject to civil liability thereunder. The case is, therefore, remanded to the trial court for that specific and limited purpose.
The trial judge shall, within 60 days of the date of this opinion, hold a hearing, at which appellant may present his defenses to the amendment to the complaint. He shall be afforded the opportunity to recall witnesses for further examination or cross-examination, call additional witnesses and substitute counsel should he desire to do so. Immediately thereafter, supplemental findings and conclusions shall be prepared by the trial judge and forwarded to the clerk of this court for filing.
As an alternate ground for the judgment, the trial judge held that "the circumstances also entitled plaintiff to rescind *82 the transaction on the basis of equitable fraud." It is not clear whether this was intended to apply to appellant Sidney Packer, and that issue should be clarified upon the return of the matter to us.
We retain jurisdiction.

Supplemental Opinion Following Rehearing on Remand
Pursuant to the directions contained in our opinion dated September 29, 1977, a hearing was held in the trial court at which time appellant informed the court that he elected (1) not to call any witnesses to testify, and (2) not to engage or utilize substitute counsel.
After hearing argument, the trial judge stated:
In view of the defendant-appellant's arguments and procedure, this court is unable to find any supplemental facts or conclusions different from those found and expressed in the written Opinion of the court reported in 129 N.J. Super. 47 (Law Div. 1974).
The trial judge further stated that the legal theory of equitable fraud, expressed in his original opinion, was not intended to apply to Sidney Packer.
Appellant has thus been afforded an opportunity to present testimony concerning each of the issues raised by him on appeal. He has also had an opportunity to utilize substitute counsel skilled in security matters and, in each instance, has refrained from doing so.
We have again reviewed this extensive record, including the supplemental letter opinion of the trial judge following remand, and conclude that the issues raised by appellant are clearly without merit.
There is ample credible evidence in this record to support the judgment entered in the Law Division of the Superior Court. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974); State v. Johnson, 42 N.J. 146, 162 (1964).
Affirmed.
NOTES
[1] N.J.S.A. 49:3-71(b) provides:

Every person who directly or indirectly controls a seller liable under paragraph (a), every partner, officer, or director of such a seller, every person occupying a similar status or performing similar functions, every employee of such a seller who materially aids in the sale, and every broker-dealer or agent who materially aids in the sale are also liable jointly and severally with and to the same extent as the seller, unless the nonseller who is so liable sustains the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.
[2] We observe that appellant's rights to proceed by way of a separate action for contribution or indemnity were not prejudiced by the amendment at the conclusion of trial, for such rights do not accrue until after a judgment is entered against a defendant. McGlone v. Corbi, 59 N.J. 86 (1971).