226 N.J. Super. 431 (1988)
544 A.2d 878
DAVID ZENDELL, BURTON C. D'LUGOFF, EUGENE MAUSNER, STEPHEN THOMAS, WILLIAM THOMAS, G & S REALTY CO., A CORPORATION, DAVID PRICE, LAWRENCE WILENS, JOSEPH CORCORAN, LEONARD GREEN, DONALD HAYFORD, THEODORE HAYFORD, ANTHONY J. PERSICO, ELLIOT SHEAR, IRVING MENDELSON, STANLEY ADELMAN, JOHN VAN DECKER, ROSARIE BAYLON, GEORGE HELLER, JEAN GOLLAY, EXECUTRIX FOR THE ESTATE OF BENJAMIN GOLLAY, DECEASED, ROBERT MULCAHEY, ANDREW ELELMAN, DR. PINK NAN CHENG, AND MARTHA EVERDS, PLAINTIFFS-APPELLANTS AND CROSS-RESPONDENTS,
v.
NEWPORT OIL CORPORATION, A DELAWARE CORPORATION, JOHN E. BRUYNELL, RAWLE & HENDERSON, ESQS., A PENNSYLVANIA PARTNERSHIP, DAVID I. FARBER, DEFENDANTS-RESPONDENTS AND CROSS-APPELLANTS, AND S.M.A.A. REALTY CORP., A NEW JERSEY CORPORATION, ISLAND PLANNING CORPORATION OF AMERICA, A NEW YORK CORPORATION, MURRAY SILVER, SHIRLEY SILVER, MARLENE SILVER, LEONARD C. NACHTMAN, JOHN DOE AND RICHARD ROE, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1988.
Decided July 19, 1988.
*434 Before Judges MICHELS, GAYNOR and ARNOLD M. STEIN.
Robert H. Jaffe argued the cause for appellants (Jaffe & Schlesinger, attorneys; Robert H. Jaffe and Robert K. Walsh, on the brief).
John F. Hipp argued the cause for respondents cross-appellants Newport Oil Corporation and John E. Bruynell (Mandell, Deutch & Shur, attorneys; John F. Hipp, on the letter brief).
John J. Francis, Jr. argued the cause for respondent cross-appellant Rawle & Henderson, Esqs. (Shanley & Fisher, attorneys; John J. Francis and Ellen O'Connell, on the brief).
Philip M. Farber argued the cause for respondent cross-appellant David I. Farber (Soffian & Allen, attorneys; Philip M. Farber, on the letter brief).
*435 Irwin P. Burzynski argued the cause for respondents S.M.A.A. Realty Corp., Island Planning Corporation of America, Murray Silver, Shirley Silver and Marlene Silver (Scarpone & Edelson, attorneys; Robert S. Steinbaum, on the letter brief).
No brief was filed on behalf of respondent Leonard C. Nachtman.
The opinion of the court was delivered by ARNOLD M. STEIN, J.S.C., (temporarily assigned).
The principal allegation of this law suit is that defendants offered to sell units in a limited partnership in violation of federal and state securities registration and disclosure requirements. The motion judge ruled that the offerings were exempt from the registration requirements, found no material misrepresentation existed and granted summary judgment prior to trial on these issues. R. 4:46-2. The judge also granted summary judgment in favor of the Pennsylvania law firm which provided legal assistance in the partnership offering. Plaintiffs alleged that the firm was liable as a "seller" of securities as that term is defined in § 12(1) of the Securities Act of 1933, 15 U.S.C.A. § 77l(1), and alleged separate claims of malpractice and negligence for allowing the offering of an unregistered security. We reverse that part of the order granting summary judgment on the registration and related attorney negligence issues.
In September 1981, Oak Oil 1981-1 (1981-1), a limited partnership, was formed to engage in oil production in Kansas. Oak Oil 1981-2 (1981-2) was formed on December 16, 1981. This limited partnership engaged in oil and gas exploration and production in Kansas and Oklahoma. Plaintiffs are the purchasers of the partnership interests, defendants were involved in various capacities in the interests' issuance. Thirty-four 1981-1 and thirty-one 1981-2 units were sold.
The operations were unsuccessful. Plaintiffs sought rescission of the agreement alleging, among other things, violation of federal and state securities regulations. The motion *436 judge had to determine whether the 1981-1 and 1981-2 offerings met the requirements to afford them non-public status which in turn permits the offering without registration. 15 U.S.C.A. § 77d(2); 17 C.F.R. § 230.146 (1982) (Rule 146).[1] He separately addressed issues involving alleged omissions and misrepresentations in the sale of the interests.
The Securities and Exchange Commission (SEC) promulgated Rule 146 to help coordinate and integrate the disclosure system of the 1933 Securities Act with the exemptive provisions therein. SEC Release No. 33-5487, April 12, 1974, 39 Fed.Reg. 15,261. The preliminary note to Rule 146 reads:
In order to obtain protection of the Rule, all its conditions must be satisfied and the issuer has the burden of establishing, in an appropriate form, that it has satisfied them. The burden of proof applies with respect to each offeree as well as each purchaser. [Emphasis added]
Conditions in the Rule include, among others, the allowable scope of the offerings, the number of purchasers and a limitation that offerees be knowledgeable in business affairs. The conditions reflect concern, expressed in case law prior to the Rules' promulgation, for the protection of securities purchasers. Securities and Exchange Com'n v. Ralston Purina, 346 U.S. 119, 125-126, 73 S.Ct. 981, 984-985, 97 L.Ed. 1494, 1498-1499 (1953).
The judge properly ruled that securities exempt from Federal registration requirements are also exempt from State requirements. N.J.S.A. 49:3-60(b). We therefore focus on the Federal regulations.
In order to establish a prima facie violation of the 15 U.S.C.A. § 77e registration requirements, the plaintiff need only show: (1) the securities are unregistered and (2) defendant used the mails in an effort to sell the securities. Securities & Exchange Com'n v. Stanwood Oil Corp., 516 F. Supp. 1181, *437 1183-1184 (W.D.Pa. 1981), citing Ralston Purina, 346 U.S. at 126, 73 S.Ct. at 985, 97 L.Ed. at 1499. Once the prima facie violation is shown, defendant is required to establish satisfaction of each Rule 146 requirement.
While we agree with the trial judge's ruling that the 1981-1 and 1981-2 offerings were separate (nonintegrated) offerings which met the thirty-five unit, non-public Rule 146 limitation, we do not find, as a matter of law, that there was compliance with the remaining Rule 146 requirements.
The pleadings, affidavits and other papers show the following: a question of fact exists with respect to the number and identity of the partnership offerees, and a question of fact exists in plaintiffs' allegation that defendants have not filed reports or have paid illegal commissions contrary to the Rule 146 standards. Where plaintiffs have established a prima facie violation of the rule, defendant must show that there is no genuine issue as to any material fact in order to be entitled to summary judgment. Peterson v. Lehigh Valley Dist. Council, Etc., 676 F.2d 81, 84 (3d Cir.1982); Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67, 75 (1954); R. 4:46-2. Viewing the record in the light most favorable to plaintiffs, the offerees may not have had the requisite business acumen, reports may not have been filed or improper commissions may have been made. Because issues of fact existed, the entire Rule 146 compliance question must be heard at a plenary hearing on remand.
Prior to such hearing, we suggest more extensive discovery be afforded to allow an affirmation or denial of the fact questions in issue. In addition, we reemphasize it is defendants' burden to show compliance with the Rule 146 exemption requirements.
The summary judgment granted in favor of defendants on plaintiffs' claim of misrepresentation in the offering literature was proper. No fact existed to question whether the alleged misstatements or omissions were material and the complaint *438 failed to state: (1) the time and circumstances of the alleged fraud; (2) the reason why the fraud was not discovered sooner or (3) what diligence was used in making such discovery. Pleadings inadequate in these respects fail to establish a violation of the disclosure requirements contained in 15 U.S.C.A. § 77l(2). Kroungold v. Triester, 407 F. Supp. 414, 419 (E.D. Pa. 1975); Rego Industries, Inc. v. American Mod. Metals Corp., 91 N.J. Super. 447, 456 (App.Div. 1966).
We next consider plaintiffs' claim against Rawle & Henderson, the law firm which assisted in organizing and presenting for sale the partnerships, for improperly allowing the offer and sale of the interests.
Plaintiffs have not established a fiduciary or an attorney-client relation between themselves and Rawle & Henderson. The traditionally required elements of a legal malpractice claim are the existence of an attorney-client relationship creating a duty of care for the attorney, a breach of this duty and proximate causation between the breach and harm to the plaintiff. Albright v. Burns, 206 N.J. Super. 625, 632-633 (App.Div. 1986). See also Ackerman v. Lagano, 172 N.J. Super. 468, 477 (App.Div. 1979) (court, while noting relaxation of attorney-third person privity rule, limited relaxation of rule to situation where fiduciary obligation is present and reliance exists).
However, in Rosenblum v. Adler, 93 N.J. 324 (1983), our Supreme Court repudiated this privity notion and held that an action for negligent misrepresentation may be maintained for economic loss against the provider of a service. Rosenblum held that an auditor owes a duty to all reasonably foreseeable recipients of information supplied for proper business purposes, provided that the recipient relied on the statement in pursuit of those business purposes. 93 N.J. at 352. It is for a jury to say what the reasonable man would foresee "since its decision is thought most likely to accord with commonly accepted standards." Carrino v. Novotny, 78 N.J. 355, 365 (1979).
*439 Plaintiff's negligence claim against Rawle & Henderson for allowing an offering of unregistered securities is cognizable under Rosenblum. The question of whether Rawle & Henderson is liable for negligently allowing a securities offering purported to be exempt from registration requirements should be remanded with the related issue as to whether the security was required to have been registered under the applicable federal and state regulations.
On the other hand, the claims against Rawle & Henderson for liability as a "seller" of a security or "controller" of one selling a security were properly dismissed. In interpreting our State statute defining seller and controller liability, N.J.S.A. 49:3-71(a) and (b), the court in Cola v. Terzano, 129 N.J. Super. 47, 57-59 (Law Div. 1974), aff'd sub nom. Cola v. Parker, 156 N.J. Super. 77 (App.Div. 1977), allowed the plaintiff to rescind her securities purchase where the securities should have been, but were not, registered pursuant to state and federal regulations. The court concluded that liability for the sale of the unregistered securities extended not only to the direct seller but to those individuals who were involved in selling the same class of securities to other individuals and to officers of the company who received payment for sale of the securities. Citing a number of sister-state precedents construing provisions largely similar to this state's securities laws, the court said liability under provisions such as N.J.S.A. 49:3-71(a) and (b) had been imposed with minimum participation in the sale. Cola v. Terzano, 129 N.J. Super. at 54.
In Pinter v. Dahl, ___ U.S. ___, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988), the United States Supreme Court recently held that the term "seller" is not limited to an owner who passes title or some other interest in a security to a buyer for value. Liability as a seller "is extended to a broker or other person who successfully solicits the purchase, motivated at least in part by a desire to serve his or her own financial interest or those of *440 the security's owner." ___ U.S. at ___-___, 108 S.Ct. at 2076-2080.
Pinter expressly rejects the "substantial factor" concept under which a nontransferor section 12(1) seller is defined as a person "whose participation in the buy-sell transaction is a substantial factor in causing the transaction to take place." Pharo v. Smith, 621 F.2d 656, 667 (5th Cir.1980). Justice Blackmun's majority opinion states at ___ U.S. at ___-___, 108 S.Ct. at 2080-2081:
We do not agree the Congress contemplated imposing § 12(1) liability under the broad terms petitioner advocates. There is no support in the statutory language or legislative history for expansion of § 12(1) primary liability beyond persons who pass title and persons who "offer," including those who "solicit" offers. Indeed, § 12's failure to impose express liability for mere participation in unlawful sales transactions suggests that Congress did not intend that the section impose liability on participants collateral to the offer or sale. When Congress wished to create such liability, it had little trouble doing so. Cf. Touche Ross & Co. v. Redington, 442 U.S. 560, 572 [99 S.Ct. 2479, 2487, 61 L.Ed.2d 82] (1979).
The deficiency of the substantial-factor test is that it divorces the analysis of seller status from any reference to the applicable statutory language and from any examination of § 12 in the context of the total statutory scheme. Those courts that have adopted the approach have not attempted to ground their analysis in the statutory language.... Instead, they substitute the concept of substantial participation in the sales transaction, or proximate causation of the plaintiff's purchase, for the words "offers or sells" in § 12. The "purchase from" requirement of § 12 focuses on the defendant's relationship with the plaintiff-purchaser. The substantial-factor test, on the other hand, focuses on the defendant's degree of involvement in the securities transaction and its surrounding circumstances. Thus, although the substantial-factor test undoubtedly embraces persons who pass title and who solicit the purchase of unregistered securities as statutory sellers, the test also would extend § 12(1) liability to participants only remotely related to the relevant aspects of the sales transaction. Indeed, it might expose securities professionals, such as accountants and lawyers, whose involvement is only the performance of their professional services, to § 12(1) strict liability for rescission. The buyer does not, in any meaningful sense, "purchas[e] the security from" such a person. [Emphasis added].
Rawle & Henderson cannot be considered a seller or control agent under the standards enunciated in Cola or Pinter. In deciding this issue, the motion judge emphasized the following undisputed facts: no plaintiff had any contact with a member *441 of the Rawle & Henderson firm; Rawle & Henderson was not a general partner in the venture; Rawle & Henderson never acted as a broker, selling agent or underwriter; and the law firm had no managerial position with or financial investment in the Oak Oil partnerships. Plaintiff's allegation that Rawle & Henderson acted as a seller or control agent is not supportable under either federal or state law. Summary judgment in favor of Rawle & Henderson was properly granted on this issue.
Similarly, plaintiffs have failed to state a claim with respect to alleged misstatements or omissions in the partnership offering prospectus. Because the information proved to be largely accurate considering the speculative nature of the venture, plaintiffs did not establish a prima facie violation of Rawle & Henderson's claimed duty of due care to assure that information printed in the prospectus materials was accurate. The claim on these issues was properly dismissed.
The order granting summary judgment on the misrepresentation issue is affirmed. The order on the Rule 146 compliance issue and the related attorney negligence issue is reversed and remanded for further review consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Rule 146 was rescinded, effective June 30, 1982, by SEC Release No. 33-6389, 47 Fed.Reg. 11251 (1982), and superseded by provisions of Regulation D, 17 CFR, p. 425, which are substantially similar to Rule 146.