591 A.2d 1023

RICHARD A. FLORCZAK AND MAUREEN FLORCZAK, PLAINTIFFS–APPELLANTS, v. UNITED JERSEY BANK, A NEW JERSEY BANKING CORPORATION, DEFENDANTS–RESPONDENTS, AND WILLIAM C. BELL, JR., DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued May 7, 1991—Decided June 12, 1991.

Before Judges PRESSLER,[1] BAIME and A.M. STEIN.

*James D. Carton, III,* argued the cause for appellants (*Carton, Witt, Arvanitis & Bariscillo,* attorneys; *James D. Carton* on the brief).

*J. Peter Sokol,* argued the cause for respondent (*McOmber & McOmber, P.C.,* attorneys; *J. Peter Sokol* of counsel and on the brief).

The opinion of the court was delivered by

ARNOLD M. STEIN, J.A.D.

Plaintiffs appeal the Law Division judgment limiting their recovery under *N.J.S.A.* 49:3–71(a)(2) under New Jersey's version of the Uniform Securities Act to actual damages, interest and taxed costs, and denying out-of-pocket expenses and counsel fees. We affirm.

---

[1]Judge Pressler did not participate in oral argument. She participated in the final decision by consent of the parties.

*N.J.S.A.* 49:3–71(a)(2) provides that a securities buyer who suffers damages as a result of the seller's misrepresentation or omission of a material fact is entitled to recover

> the consideration paid for the security, together with interest at 12% per year from the date of payment and costs,....

The trial judge molded the jury's specific interrogatory answers into a damage award of $6,517.06, the amount of commissions withheld by defendant when plaintiffs redeemed their mutual fund shares. The judge also allowed 12% interest plus taxed costs and denied reimbursement of out-of-pocket expenses and counsel fees.

We conclude that the trial judge correctly ruled that the statute limits costs to those taxed costs allowable pursuant to *N.J.S.A.* 22A:2–8. "Costs" does not include out-of-pocket expenses or attorneys' fees. *R.* 4:42–9 provides

> (a) No fee for legal services shall be allowed in the taxed costs or otherwise, except

> . . . .

> (8) In all cases where counsel fees are permitted by statute.

*N.J.S.A.* 49:3–71(a)(2) does not expressly provide for counsel fees. They cannot be awarded pursuant to that statute. Unlike our statute, the Uniform Law provides that in addition to damages a successful plaintiff may recover "interest ... costs, and *reasonable attorneys' fees, ....*" Uniform Securities Act, § 410(a)(2), 7B U.L.A. (1985) (emphasis added).

We reject the holding allowing counsel fees pursuant to this statute in *Cola v. Terzano*, 129 *N.J.Super.* 47, 60, 322 *A.*2d 195 (Law Div.1974), *affirmed sub nom.*, *Cola v. Packer*, 156 *N.J. Super.* 77, 383 *A.*2d 460 (App.Div.1978), and note that the Law Division's ruling on counsel fees was not discussed in the Appellate Division's opinion.

The failure to provide for counsel fees to a successful claimant proceeding under this statute may have been a legislative oversight. The Legislature has been willing to make counsel fee provisions for successful litigants pursuing remedies under

other consumer-oriented laws such as the Consumer Fraud Act. *See N.J.S.A.* 56:8–19. A provision for attorneys' fees may be consistent with the statutory policy of the Uniform Securities Act, set forth in *N.J.S.A.* 49:3–75:

> [T]o effectuate its general purpose to make uniform the law of those States which enact similar laws....

It is nevertheless a matter of legislative prerogative.

Affirmed.