122 N.J. Super. 14 (1972)
298 A.2d 305
ESTHER PERDOMO AND PROSCIPIO PERDOMO, PLAINTIFFS,
v.
JACK GOLDSTEIN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 15, 1972.
*15 No one appearing for the plaintiffs.
Mr. Frank W. Cerutti (Messrs. DeSevo, Cerutti & Lombardi, attorneys), and Mr. Robert A. Marks (Messrs. Platoff, Heftler & Harker, attorneys), for defendant.
ROSENBERG, J.S.C.
The proceeding before this court is a motion by defendant Jack Goldstein limiting the amount of verdict to the amount claimed by the plaintiffs in their April 9, 1970 statement of claim for damages.
This matter came on for trial by jury on September 13, 1972. The jury returned a verdict on September 23, 1972 in favor of plaintiff Esther Perdomo and against defendant in the amount of $250,000, and in favor of plaintiff Proscipio Perdomo and against defendant in the amount of $75,000.
On December 1, 1972 this court heard defendant's motion for new trial, which motion was denied. The proceeding before this court on December 15, 1972 came about on defendant's objection to plaintiffs' entry of judgment. Pursuant to R. 4:42-1(b) this court granted hearing for argument to decide the issues presented and to settle the form of order for the entry of judgment.
Pursuant to R. 4:5-2, previously R.R. 4:8-1, plaintiffs submitted to defendant a statement of damages claimed in the amount of $300,000. At trial a jury verdict was entered in the sum of $325,000 in favor of Esther and Proscipio Perdomo against defendant.
The question to be decided by the court at this time is: Are plaintiffs bound by their statement of $300,000 for damages claimed?
The pertinent part of R. 4:5-2, reads:
*16 * * * Upon service of a written request by another party, the party filing the pleading shall within 5 days after service thereof furnish the requesting party with a written statement of the amount of damages claimed, which statement shall not be filed except on court order.
Plaintiffs, as requested, submitted to defendant the statement of damages. The statement was never filed and no court order was ever issued pertaining to the statement.
Defendant's argument is based on a comment in 2 N.J. Practice 63 (1969), which states:
* * * The last two sentences of the rule were added by the amendment aforesaid. Except in the County District Court, where problems of jurisdiction exist, the pleader is neither required nor permitted to include the amount of the demand where unliquidated money damages are claimed. Upon written request this information must be furnished; it is probable that requests will be in many cases served upon claimant's lawyer at the same time as the answer. Certainly in cases involving insurance policies it would be appropriate to make a determination of the amount of the demand as soon as possible in order to acquaint the insured with the facts in the event it exceeds his policy limit. It is to be assumed that a claimant would be limited to the amount of the demand in the event a judgment or verdict were returned in excess of said amount. [Emphasis added]
However, any argument in favor of plaintiffs being limited to the statement of damages would have to be strengthened by the fact that the statement was part of the pleadings. This is not the case. Relative to this, one has only to look at the history of the rule in question to see that such a statement was never intended to be part of the pleading. R. 4:8-1, as amended, effective September 4, 1957, although dealing specifically with motor vehicle actions, at that time contained this section:
(b) A pleading which sets forth a claim for damages for personal injuries or property damage to motor vehicles arising out of the ownership or operation of a motor vehicle shall have annexed thereto a verified statement of the claim as provided for in Civil Procedure Form 9A or Civil Procedure Form 9B printed in the Appendix of Forms. Such verified statement shall be deemed a part of the discovery proceedings and not a part of the pleading to which it is annexed. [Emphasis added]
*17 Not being part of the pleadings, the statement of damages becomes merely that  a statement with no binding effect whatsoever.
In evaluating the worth of a statement such as the one in question, a comparison can be made to the value of an ad damnum clause. In the report of the New Jersey Supreme Court's Committee on Rules, cited in 83 N.J.L.J. at 152, the reasons given for changing R. 4:8-1 so that no specific amount should be claimed, indicated that the ad damnum clause serves no useful or sound function, more specifically:
The astronomical sums requested in complaints filed today bear no relation whatsoever to any realistic appraisal of the value of the case for either purpose. At best they confuse individual clients and the general public alike, and at worst they inject into the determination of the cause at the trial level a wholly extraneous factor which may thwart a fair and proper determination by a jury. See Botta v. Brunner, 26 N.J. 82, 103-105 (1958). Affirmatively, the demand, at least where damages are unliquidated, serves no useful purpose whatsoever, particularly in view of the fact that all pertinent information is available to adverse parties by way of discovery. Indeed, even in cases where the damages are liquidated there is little need for a specific amount in the demand both because the amount is usually obvious and because of the aforementioned discovery.
Further, it is noted that a trial judge in a personal injury action could properly, on his own motion, amend the ad damnum clause of the complaint to adjust the claim upward to equal the sum recovered at trial. Randazzo v. Bacque, 37 N.J. Super. 548 (App. Div. 1955).
In conclusion, this court will follow the advice of Justice Francis in Botta v. Brunner, 26 N.J. 82 at 104: "If it be said that the amount claimed constitutes the maximum limit of permissible recovery, the legal effect of that limitation is better left in the control of an experienced trial court."
Based on the foregoing reasons this court feels that the plaintiffs are not legally bound by the statement of damages claimed.
Submit an order accordingly.