131 N.J. Super. 579 (1974)
330 A.2d 650
FRANK WATSON AND MARIE WATSON, PLAINTIFFS,
v.
UNITED REAL ESTATE INC., DEFENDANT.
Superior Court of New Jersey, District Court  Cumberland County.
December 12, 1974.
*580 Mr. Ned P. Rogovoy for plaintiffs (Messrs. Rogovoy & Rogovoy, attorneys); Mr. Theodore Henry Ritter for defendant (Messrs. Horuvitz & Perlow, attorneys).
PORRECA, J.C.C., Temporarily Assigned.
Plaintiffs leased an apartment at the Lake View Manor Apartments, located in Millville, New Jersey. The apartment complex was owned by defendant United Real Estate, Inc., whose home office was located in Abington, Pennsylvania. The lease agreement was for a one-year term but the court finds as a fact that such agreement was terminated by mutual *581 consent of the parties approximately four months after its inception. Following termination of the lease agreement defendant lessor refused to refund the security deposit which had been paid by plaintiffs-lessees. Plaintiffs sued for double the amount of the retained damage deposit together with full costs and attorneys fees under N.J.S.A. 46:8-21.1, as amended November 11, 1974, P.L. 1974 c. 151.
Defendant urges its right to retain the damage deposit as liquidated damages for breach of the lease agreement by plaintiffs. It cites as support paragraph 28 of the lease agreement which provides, among other things, for retention of the security deposit as liquidated damages in the event of breach of any of the covenants and conditions set forth in the lease. However, under the terms of N.J.S.A. 46:8-21.1 the lessor is not entitled to retain the damage deposit absent a showing by the lessor of "charges expended in accordance with the terms of a contract, lease, or agreement."
The right upon which defendant seeks to rely to retain the security deposit as liquidated damages is a contract right. The exercise of this right is expressly made subject to the laws of New Jersey in the very paragraph cited by lessor as the source of the right. However, even absent this contractual provision all terms of the agreement between the parties are subject to the laws of this State and are viable and enforceable only insofar as they are consistent with those laws.
N.J.S.A. 46:8-21.1 is part of a statutory scheme calculated to protect lessees from overreaching landlords. Watson v. Jaffe, 121 N.J. Super. 213, 214 (App. Div. 1972). This legislation imbued lessees with statutory rights the enforcement of which was not made subject to contractual limitations and avoidances. Watson v. Jaffe, supra. To hold any other way would be to undermine the very purpose of the legislation, i.e., protecting lessees from contractual overreaching by lessors. Therefore, defendant's contractual *582 rights under a liquidated damages provision in the lease are subject to and limited by the plaintiff's statutory rights under N.J.S.A. 46:8-21.1.
That being the case, the statutory mandate is clear. Defendant may only retain so much of the damage deposit as he can demonstrate was expended in accordance with the terms of the lease. Put another way, to retain any part of the damage deposit, a lessor must demonstrate actual damages caused by the lessee, and any retention by the lessor is limited to such damages. The liquidated damage clause is void because it is contrary to the statute. Defendant having failed to demonstrate any such actual damage, plaintiffs would appear to be entitled to double recovery, costs and fees under N.J.S.A. 46:8-21.1 as amended.
Defendant next contends that double recovery under N.J.S.A. 46:8-21.1 is not appropriate in this case because there is no showing that it acted in bad faith. To support its contention defendant cites the opinion of the Bergen County District Court in Burstein v. Liberty Bell Village, Inc., 120 N.J. Super. 54, 58-59 (1972). In that case it was held that where a lessor retains a damage deposit "`in good faith' but in legal error" a court has the discretion not to grant double recovery. To interpret the statute thusly avoids an otherwise clear legislative mandate.
The Legislature apparently endeavored to develop and enact an overall scheme to protect a tenant. If there is not a fixed, sure and meaningful penalty confronting the landlord in the event he withholds the tenant's security, then he has no incentive to return the security deposit. Without the statutory penalty clause the tenant would be entitled only to usual damages, i.e., his out-of-pocket loss, the security deposit. As a practical matter the landlord would have nothing to lose if he waited for the institution of suit. If no action were ever taken, he would not lose anything except that which he was wrongfully withholding. Under N.J.S.A. 46:8-21.1 any retention of the security deposit by the lessor 30 days after expiration of the term of tenant's lease is wrongful except *583 to the extent of charges reasonably expended by the lessor in accordance with the terms of the lease agreement.
In any action by tenant * * * for the return of money due under this section, the court upon finding for the tenant * * * shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorneys' fees. [N.J.S.A. 46:8-21.1 as amended; emphasis supplied]
It is the responsibility of the court in construing a statute to determine what the Legislature intended rather than to apply a meaning which merely appears fairer as the statute is used in practice. If the statute works inequitably, it is for the Legislature to work changes. Matawan v. Monmouth City Tax Bd., 51 N.J. 291, 298 (1968).
This is an appropriate case for an award of counsel fees. There was no proof that there was any reason to withhold the security deposit other than under the color of the illegal liquidated damage clause. Accordingly, in furtherance of the legislative scheme, plaintiffs are awarded a counsel fee of $75, which is deemed reasonable under the circumstances.
Judgment is hereby entered for the plaintiffs in double the amount of the security deposit plus costs and attorneys fees.