172 N.J. Super. 191 (1980)
411 A.2d 711
ELIZABETH GIBSON, PLAINTIFF-RESPONDENT,
v.
1013 NORTH BROAD ASSOCIATES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 21, 1980.
Decided February 4, 1980.
*193 Before Judges ALLCORN, MORGAN and FRANCIS.
Stier & Douglen, attorneys for appellant (Sheldon Zelig on the brief).
Richard A. Goldberg, attorney for respondent.
The opinion of the court was delivered by FRANCIS, J.A.D.
At issue on this appeal is whether a tenant seeking return of her security is entitled to the double damages mandated by N.J.S.A. 46:8-21.1 when the complaint failed to demand those damages. In this case plaintiff's pro se complaint sought nothing more than the return of her $300 security deposit. The trial judge found that defendant had wrongfully withheld plaintiff's entire security deposit and had failed to give plaintiff the notice *194 of disposition required by the statute. Over defendant's objection the judge then, on his own motions, entered judgment in favor of plaintiff for twice the amount withheld plus interest and costs. He also awarded plaintiff an additional $50 for defendant's failure to appear at the original trial date. R. 1:2-4(a).
On appeal defendant principally contends that to be entitled to the statutory penalty a proper demand must be made in the complaint. Defendant argues that it was prejudiced in that had it known that it might be liable for twice the amount of the security deposit it would have attempted to reach a settlement with plaintiff.
The pertinent provision of the security deposit law is N.J.S.A. 46:8-21.1. It provides:
Within 30 days after the expiration of the term of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest earned thereon, less any charges expended in accordance with the terms of a contract, lease or agreement. Any such deductions shall be itemized and the tenant or licensee notified thereof by registered or certified mail. In any action by a tenant or licensee for the return of moneys due under this section, the court upon finding for the tenant or licensee shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorneys' fees. [Emphasis supplied]
The statute was enacted to protect tenants from overreaching landlords who require security deposits and then divert them to their own use. Jaremback v. Butler Ridge Apts., 166 N.J. Super. 84, 87 (App.Div. 1979); Smith v. Stark, 153 N.J. Super. 48, 50 (App.Div. 1977); Watson v. Jaffe, 121 N.J. Super. 213, 214 (App. Div. 1972). As indicated by the express language of the statute, upon finding for the tenant the judge must award twice the amount wrongfully withheld. Smith v. Stark, supra; Spialter v. Testa, 162 N.J. Super. 421, 433 (Cty.D.Ct. 1978); Watson v. United Real Estate, Inc., 131 N.J. Super. 579, 582 (Cty.D.Ct. 1974). *195 Contra, Burstein v. Liberty Bell Village, Inc., 120 N.J. Super. 54, 58-59 (Cty.D.Ct. 1972).
We do not believe that the statutory penalty is any less mandatory simply because the complaint fails to demand double the amount of the security deposit. Our State treats deficiencies in the pleading indulgently. Leave to amend a complaint is to be freely given in the interest of justice. R. 4:9 1. Furthermore, a judgment "shall grant the relief to which the party in whose favor it is rendered is entitled even though he has not demanded such relief in his pleadings, provided the parties have been given an adequate opportunity to be heard as to the relief granted." R. 4:42-6. Thus, it has been held that a plaintiff in a personal injury action is entitled to money damages greater than those demanded in the complaint. Randazzo v. Bacque, 37 N.J. Super. 548, 557 (App.Div. 1955); Perdomo v. Goldstein, 122 N.J. Super. 14, 17 (Law Div. 1972).[1] In addition, a plaintiff may obtain punitive damages without demanding them in the complaint so long as the pleading shows a malicious or willful act. LoRocco v. N.J. Mfrs. Ind. Ins. Co., 82 N.J. Super. 323, 331 (App.Div. 1964), certif. den. 42 N.J. 144 (1964); Guillen v. Kuykendall, 470 F.2d 745 (5 Cir.1972).
The statute itself nowhere indicates that the tenant must demand double damages to be entitled to them. Rather, the trial judge must double the amount wrongfully withheld. The phraseology of the statute indicates that the Legislature was aware that because of the small sums involved many tenants would not retain an attorney in order to get back the security deposit, and would thus be unaware of their right to the penalty.
Defendant's argument that it was prejudiced by the failure to plead the statute is unconvincing. Defendant was clearly prepared to meet the factual allegations of the complaint, and in *196 fact presented a defense. Compare Cola v. Packer, 156 N.J. Super. 77 (App.Div. 1978), where plaintiff brought forth a new legal theory on the eve of trial.
In sum, we hold that a tenant is not required to plead the statute or demand double damages to be entitled to an award of the penalty provided by N.J.S.A. 46:8 21.1.
Defendant's remaining arguments on appeal, that to award double damages in the absence of a demand violates due process, that the judge erred in finding a timely notice to quit and that the judge should not have awarded plaintiff a $50 "attorney's fee," are clearly without merit. R. 2:11 3(e)(1)(A) and (E).
Affirmed.
NOTES
[1] Of course, a complaint for unliquidated money damages should not specify the amount sought. R. 4:5-2.