PETER LANG AND JANE A. LANG, PLAINTIFFS-RESPON-
DENTS, v. BARBARA BAKER AND THOMAS CARROLL,
DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted February 16, 1984—Decided August 8, 1984.

Before Judges FRITZ and DEIGHAN.

*Ozzard, Rizzolo, Klein, Maruo & Savo,* attorneys for appellant Barbara Baker (*Michael S. Feldman* and *Arthur D. Fialk,* on the brief).

*O'Donnell, McCord, Leslie & O'Toole,* attorneys for appellant Thomas Carroll (*John J. O'Donnell,* on the brief).

*Rand & Algeier,* attorneys for respondents (*Gary C. Algeier,* of counsel and on the brief).

PER CURIAM.

Before us are consolidated appeals by the drivers of two vehicles involved in an automobile accident. The jurors found each driver 50% negligent. They awarded plaintiff Jane Lang, a passenger in one of the cars, $450,000 and her husband, plaintiff Peter Lang, $50,000.

Although ten separate points are presented in the two briefs for defendants, only one causes us concern. Following the trial both defendants moved for judgment *n.o.v.* or a new trial and, in any event, for a *remittitur* as to damages. At that time counsel for defendant Carroll also moved to limit the damages to those asserted in a statement of the amount of damages claimed furnished on demand pursuant to *R.* 4:5–2. Plaintiffs served such a statement asserting that the claim of the personal injury plaintiff was $150,000 and that of her husband was $25,000. The verdicts exceeded those amounts substantially. The trial judge denied all the motions. Relying on reference to an unnamed Law Division decision (unquestionably *Perdomo v. Goldstein,* 122 *N.J.Super.* 14 (Law Div.1972)) with which he announced his entire agreement, he concluded that the statement required by the *Rule* "is not a limit. It is a starting point for negotiations." He refused to reduce the amount of the verdicts.

The purpose and effect, if any, of the statement of the amount of damages claimed required by *R.* 4:5–2 are not at all clear from the *Rule* and have been the subject of only one published opinion, *Perdomo, supra.* The matter is most troublesome. The case for ineffectiveness of the *Rule* respecting damage limitation is well articulated in *Perdomo.* On the other hand, as counsel for defendant Carroll argues to us, not without considerable persuasion, "this construction [in *Perdomo* ] of *R.* 4:5–2 renders the rule meaningless." We agree with this.

It is notable that *Perdomo* does not indicate any function for this *Rule*. *Perdomo* simply decides the matter on the writer's concept of historical derivation. The trial judge in the matter before us, after stating that "frankly, I don't know whether it [the statement] has all that much meaning at the present time anyway," opined that the meaning which the one in this case had was "as a negotiation, the first steps in negotiations." Obviously that could be achieved without a statement, by means of a telephone call. Counsel for plaintiffs in their brief before us urge that the statement "is nothing more that [*sic*] a fair and reasonable attempt by counsel to estimate, at a given point and time, an approximate value of the case."

Considered study of this explication, including that in *Perdomo*, convinces us that the requirement of the *Rule* has no real purpose that could not be as adequately served without the *Rule*. On the other hand if the statement is limiting, then the *Rule* does serve a purpose. As between two constructions, one of which appears to be superfluous or lack purpose, we will choose the one that does not. See *Hackensack Bd. of Education v. Hackensack*, 63 *N.J.Super.* 560, 569 (App.Div.1960) (holding that legislative language must not, if reasonably avoidable, be found to be inoperative, superfluous or meaningless).

We realize that such a determination is burdened with many of the infirmities which caused an abandonment of the *ad damnum* clause, as noted in *Perdomo*. In response to the counter-suggestion that the real purpose for the change was simply to get the figures away from the jury, we recognize and accept the abuses, also noted in *Perdomo* and mentioned by the trial judge here, which produced astronomical figures in the *ad damnum* and, in effect, rendered that useless as a practical matter as well.

It is quite likely that that may occur again with the *R.* 4:5-2 statement. But we must deal with the problem as it appears before us. We must decide whether there is a useful purpose for the written statement required by the *Rule*. There is not, in our judgment, if the statement is not limiting. Ac-

cordingly we hold, with a reservation appearing hereafter, that the statement is limiting and although a jury verdict exceeding the amount thus limited shall not for that reason invalidate the verdict, the trial judge shall on motion reduce the verdict to come within the limited amount. *Perdomo v. Goldstein, supra,* is overruled.

Having thus accorded this statement a place in the procedural scheme of things similar in kind to a pleading, we are satisfied it should be accorded the benefits of *R.* 4:9–1 and *R.* 4:9–2. In this fashion a trial judge can review for equities and abuses in the context of the circumstances of each case and assure himself, counsel and the litigants that justice has not been made to defer to the rigidity of procedural rules.

Such a review is especially important in this case, where, as plaintiffs point out, their counsel relied on *Perdomo,* a published opinion undisturbed for almost a dozen years, and where certain surprising insurance company concerns were revealed for the first time on the postjudgment motions.

The remaining issues in the case are not troublesome.

Defendant Baker attacks the judge's charge in three particular respects. We have examined the entire charge and are satisfied that the jury was properly instructed respecting the controlling law and that the charge in its entirety was neither ambiguous nor misleading. *State v. Hipplewith,* 33 *N.J.* 300, 317 (1960). It is our opinion that the trial judge did not err in the manner charged by defendant. However, if there was error, it clearly had no capacity to lead to an unjust verdict and therefore was harmless. *State v. Macon,* 57 *N.J.* 325 (1971).

Defendant Baker also complains that the interrogatories to the jury improperly created a strong inference that the jury must find at least one defendant negligent. We are not satisfied that that is so when the interrogatories are considered, as they must be, in the light of the judge's charge. Even were the allegation of this inference to be accurate, we would not re-

verse on this account. Our conscientious review of the record leads us to the conclusion that were this passenger to have suffered a "no cause" at the hands of the jury, that verdict most likely would have to be set aside.

Defendant Baker also argues that the case against her should not have gone to the jury and that the combination of errors "taken together with the result ... constituted a miscarriage of justice requiring reversal." Defendant Carroll argues that the jury's allocation of 50% negligence to each defendant was against the weight of the evidence. Both defendants argue that the verdicts were excessive. We find these arguments to be clearly without merit. *R.* 2:11–3(e)(1)(B), (C) and (E).

We reverse the judgment below and remand the matter for entry of a judgment limited to the amount set forth in the statement of damages, plus costs and postjudgment interest. Notwithstanding, plaintiffs have leave to file a motion for relief from this limitation in the manner of *R.* 4:9–1 and *R.* 4:9–2, provided that such motion is filed with the trial court within 30 days after the filing of this opinion. We do not retain jurisdiction. No costs to any party on the appeal.