254 N.J. Super. 489 (1991)
603 A.2d 1000
PATRICIA M. HENRY, PLAINTIFF,
v.
ESTATE OF ETHEL LEVY AND EDWARD LEVY INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ETHEL LEVY, DEFENDANT.
Superior Court of New Jersey, Law Division Bergen County, Special Civil Part.
Decided June 13, 1991.
*490 Patricia M. Henry, Plaintiff, pro se.
Edward Levy, Defendant, pro se
MINUSKIN, J.S.C.
Plaintiff brought this action to recover the statutory penalty in accordance with N.J.S.A. 46:8-21.1 for failure to return a security deposit within 30 days of the termination of her lease. The issue before the court is whether pursuant to N.J.S.A. 46:8-21.1 the statutory penalty imposed for failure to return the said deposit within the 30 day period equals double the amount of the total security deposit or double the amount of money wrongfully withheld from the tenant by the landlord.
N.J.S.A. 46:8-21.1 provides:
Within 30 days after the termination of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail, the sum so deposited plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement ... In any action by a tenant, licensee .. . for the return of money due under this Section, the court upon finding for the tenant, licensee ... shall award recovery of double the amount of said moneys....
Plaintiff deposited with defendant's decedent $450.00 as security on an apartment at 299 Stuyvesant Avenue, Lyndhurst, New Jersey. The lease terminated and plaintiff vacated the apartment on February 27, 1991. Defendant failed to return to plaintiff any deposit monies within 30 days. However, on April 22, 1991, plaintiff received a check from the defendant in the amount of $611.51, which she claimed to be deficient and instituted this suit. At trial the correct amount due and owing, including interest, was determined to be $753.28. The difference of $141.77 occurred due to an erroneous computation of interest by the defendant.
To prove that a landlord failed to return a security deposit, the tenant must show: "the existence and subsequent termination of a landlord-tenant relationship, the receipt of a security deposit by the landlord and the failure of the landlord *491 to return those deposit moneys together with interest." Carter v. Sandberg, 189 N.J. Super. 42, 47, 458 A.2d 924 (1983). In this case, plaintiff and defendant agree regarding the first two elements. The dispute lies in the third element for failure to return the correct amount.
Plaintiff contends that because she did not receive the correct amount, she is entitled to double the security deposit plus interest. Defendant contends that although the return of the money was tardy, he did fulfill his obligation under the statute and need only pay the deficient amount of $141.52, or at most an amount double that figure as a penalty pursuant to the statute.
Legislative intent and public policy dictate that the defendant must be subject to a penalty for failure to comply with N.J.S.A. 46:8-21.1. This statute was designed "to protect tenants from overreaching landlords who seek to defraud tenants by diverting rent security deposits to their own use." Jarembach v. Butler Ridge Apartments, 166 N.J. Super. 84, 87, 398 A.2d 1339 (1979). See also Watson v. United Real Estate, Inc., 131 N.J. Super. 579, 582, 330 A.2d 650 (1974), London v. Rothman Realty Corp., 176 N.J. Super. 288, 291, 422 A.2d 1049 (1980).
In the present case, although the landlord's estate returned what it believed to be the proper amount of the security deposit, this amount was in fact miscalculated. Moreover, the latter erroneous sum was tendered by the defendant and was not returned within the permitted 30 day period.
Based upon the clear wording of the statute and its intent, it is obvious to this court that the penalty must be imposed when there is a failure to return the deposit within the prescribed period and that this penalty is double the amount of the initial deposit and not double the amount of the monies wrongfully withheld. Accordingly, this court determines that the proper penalty is double the amount of the initial deposit plus interest accrued thereon which would be $900.00 plus $303.28 accrued interest making a total sum of $1,203.28. *492 Judgment will be entered for $1,203.28 less the sum of $611.51 previously paid.