257 N.J. Super. 401 (1992)
608 A.2d 479
CHRISTOPHER AND CAROLYN COTTLE, PLAINTIFFS,
v.
ALLEN G. BUTLER, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County, Special Civil Part.
May 5, 1992.
*402 Christopher and Carolyn Cottle, plaintiffs, Pro Se.
Allen G. Butler, defendant, Pro Se.
FAST, J.S.C.
Plaintiff brought this action to recover the balance of a security deposit and the statutory penalty pursuant to N.J.S.A. 46:8-21.1 for failure to return a security deposit within 30 days of the termination of their lease. The issue is whether the statutory penalty imposed for failure to return the said deposit within the 30 day period is double the amount of the total security deposit or double the amount of money wrongfully withheld from the former tenants by the defendant landlord.
The parties stipulated that the amount held by defendant at the termination of the tenancy was $1,204.33, including interest. Within 30 days after the termination of the tenancy, the landlord had returned $604.33, and gave notice to the tenant that because the landlord was out-of-state, determinations of the *403 balance would follow shortly thereafter. By letter dated November 6, 1991, the landlord itemized the charges against plaintiffs and returned an additional $312.37 leaving $287.63 unrefunded.[1]
I determined that the $287.63 was wrongfully withheld from the tenants.
The issue therefore is the determination of damages.
Henry v. Est. of Levy, et al., 254 N.J. Super. 489, 603 A.2d 1000 (Law Div. 1991), held that "the proper penalty is double the amount of the initial deposit plus interest accrued thereon" less the amounts previously paid by the defendant to the plaintiff. The rationale for the holding in Henry was "the clear wording of the statute and its intent". Curiously, Henry cited, but did not discuss, Jaremback v. Butler Ridge Apartments, 166 N.J. Super. 84, 89, 398 A.2d 1339 (App.Div. 1979) which said in footnote 1, "where the penalty is appropriate under the statute, the only item that should be doubled is the net amount due to the tenant on the security deposit and interest, after deduction of the charges due to the landlord."
It is my opinion that the wording and intent of the statute is to double the amount of moneys wrongfully withheld. Specifically, N.J.S.A. 46:8-21.1 says: "In any action ... for the return of moneys due under this section, the court ... shall award recovery of double the amount of said moneys ..." The "said moneys" for which suit is brought are those not returned, not the initial deposit; therefore, in my opinion those not returned (i.e., wrongfully withheld) are those to be doubled. Doubling the initial amount, notwithstanding the wrongful withholding of only a minimal amount, can also lead to a disproportionate (and unjust) result. A hypothetical example using a Henry formula *404 would be a deposit of $900 with a monthly rent of $600 where the landlord has returned $800. This would result in a judgment for $1,000 ($1,800 less $800) based upon the wrongful withholding of only $100. Such a result would be so unjust that I find that it was not the legislative intent. In the hypothetical, it would be a ten-fold return, rather than doubling "said moneys" due to the tenant. In the instant case, the judgment would be for $1,491.96 ($1,204.33 x 2 less $604.33 and $312.37) rather than $575.26, a five fold penalty.
Although I recognize the remedial intent of the act and that remedial legislation is intended to be liberally interpreted to achieve the object intended, the guiding principle of statutory construction remains that the intent of the Legislature must nevertheless be found. I cannot attribute to the Legislature an intent that I believe would result in such a disproportionate and unjust result.
Judgment is hereby entered in behalf of the plaintiffs for the sum of $575.26 (the $287.63 wrongfully withheld, doubled according to the statute), plus costs.
NOTES
[1] Because I have found the facts and the law to be in the plaintiffs' favor on the substance of the claim I find no need to explore the consequence of a partial payment within the 30-day period and another partial payment beyond the 30-day period.