684 A.2d 927

GINO LANZI, KEITH LANZI AND JOHN LANZI, PLAINTIFFS–APPELLANTS, v. WARREN NORTH, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 16, 1996—Decided October 30, 1996.

Before Judges MUIR, Jr. and KLEINER.

Appellant *Gino Lanzi* submitted a pro se brief.

*Vasser, Spitalnick & Bloom, P.C.,* attorneys for respondent (*Mark Vasser,* on the brief).

The opinion of the court was delivered by

KLEINER, J.A.D.

Plaintiffs Gino Lanzi, John Lanzi, and Keith Lanzi appeal from a judgment entered at the conclusion of a contested non-jury trial. Plaintiffs were awarded $800, the balance of the security deposit paid to their landlord, defendant Warren E. North, and a penalty of $400 mandated by *N.J.S.A.* 46:8–21.1. The trial judge denied plaintiffs' application for interest, costs of suit, and attorney's fees.

We conclude that the trial court properly evaluated the testimony of all witnesses and, after assessing their credibility, correctly determined that plaintiffs had failed to pay, during the term of

their one year tenancy, one month's rent, $800. We find, however, that the trial court improperly computed the damage award to plaintiffs. We are obliged to reverse the judgment as entered and to remand to the trial judge for the entry of judgment consistent with this opinion.

Plaintiffs executed a written one-year lease for an apartment in a building owned by defendant. The lease required a monthly rent of $800 and the payment of $1,250 as a security deposit prior to the commencement of the lease term. On May 8, 1993, at the termination of their lease, plaintiffs vacated the apartment. On February 8, 1994, plaintiffs filed a complaint contending that defendant had failed to comply with the obligation imposed by *N.J.S.A.* 46:8–21.1.

The applicable statute provides in pertinent part:

> Within 30 days after the termination of the tenant's lease ... the owner ... shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement, to the tenant.... The interest or earnings and any such deductions shall be itemized and the tenant ... notified thereof by personal delivery, registered or certified mail.
>
> ....
>
> In any action by a tenant ... for the return of moneys due under this section, the court upon finding for the tenant ... *shall* award recovery of double the amount of said moneys, *together* with full costs of any action and, *in the court's discretion, reasonable attorney's fees.*
>
> [*Id.* (emphasis added).]

After plaintiffs filed their complaint, defendant filed a counterclaim for unpaid rent contending that during the lease term, plaintiffs had failed to pay two months' rent.

At trial, plaintiff Gino Lanzi testified that all rental sums had been paid. Defendant and his wife, who at times assisted plaintiff in conducting his apartment rental business, testified to the contrary and produced rental receipt records which partially corroborated their assertion. The trial judge reviewed those records and placed substantial weight on the credibility of the witnesses in

reaching his ultimate conclusion that defendants were owed $800 in unpaid rent for a period of one month.

In reviewing a trial court's conclusions in a non-jury civil action, we are bound to grant substantial deference to the trial court. *See Rova Farms Resort, Inc. v. Investors Ins. Co.*, 65 *N.J.* 474, 483–84, 323 *A.*2d 495 (1974). A trial court's conclusions will not be disturbed unless we are "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." *Id.* at 484, 323 *A.*2d 495 (quoting *Fagliarone v. Township of North Bergen*, 78 *N.J.Super.* 154, 155, 188 *A.*2d 43 (App.Div.), *certif. denied*, 40 *N.J.* 221, 191 *A.*2d 61 (1963). Here, the trial court's conclusion could have been reached on the evidence presented, and we will not disturb that conclusion.

In enforcing the provisions in *N.J.S.A.* 46:8–21.1, the trial court failed to adhere to the statutory penalty provisions which also entitle a successful tenant to an award of full costs of any action.

In computing the actual award of damages, the trial court did not articulate the exact basis for his computation. Available to the trial judge for his consideration were two conflicting published trial court opinions: *Henry v. Estate of Levy*, 254 *N.J.Super.* 489, 603 *A.*2d 1000 (Law Div.1991), in which the trial court, in a well-reasoned decision, concluded that a successful tenant is entitled to an award of double the security deposit paid, plus interest accrued thereon, minus any sum due the landlord; and *Cottle v. Butler*, 257 *N.J.Super.* 401, 608 *A.*2d 479 (Law Div.1992), which concluded that only that portion of a security deposit that has not been returned to the tenant by the landlord is doubled. Both opinions cite *Carter v. Sandberg*, 189 *N.J.Super*, 42, 47, 458 *A.*2d 924 (Cty.1983) as authority for an award of interest on the amount to be returned to the tenant. Dicta in *Jaremback v. Butler Ridge Apartments*, 166 *N.J.Super.* 84, 89 n. 1, 398 *A.*2d 1339 (App.Div. 1979), lends support to an award of interest, and also supports the decision in *Carter*.

We note that in both *Henry* and *Carter*, the tenant sued the landlord for a portion of the security deposit which had not been returned. In *Henry*, the tenancy terminated on February 27, 1991 and the landlord remitted a portion of the security deposit to the tenant on April 22, 1991. The dispute focused on the amount deducted by the landlord. In *Cottle*, the landlord returned a portion of the security deposit *within* thirty days. The ensuing dispute also focused on the amount of the deduction.

In this suit, defendant failed to return *any* portion of the security deposit. As noted, plaintiffs' lease terminated May 8, 1993 and plaintiff was forced to file a complaint on February 8, 1994. There was total disregard of the statutory provision requiring tenant notification within 30 days of the termination of the tenancy. *N.J.S.A.* 46:8–21.1. At trial, defendant initially contended that plaintiffs owed two months' rent. Defendant's business records were confusing and, in our opinion, were disorganized, thus requiring the trial judge to review the records before rendering his decision.

■ Recognizing that the applicable statute is remedial legislation intended to be liberally interpreted to protect the rights of tenants, we conclude that where the landlord has made no effort to comply with the statute and where the tenant is forced to sue the landlord arising from the landlord's total disregard of his statutorily mandated duty, that the reasoning in *Henry* serves as a greater deterrent to non-complying landlords. We are therefore persuaded that the trial judge in this case should have been guided by the analysis and reasoning of *Henry*.

■ Here, plaintiffs were entitled to an award of $2,400, a sum double their security deposit of $1,200, plus the interest that had been earned during the tenancy, plus the full costs of their action, less the $800 which was owed to the landlord.

■ The trial judge fully explained his reasons for denying plaintiffs' demand for an award of counsel fees. As noted, *N.J.S.A.* 46:8–21.1 permits an award of reasonable attorney's fees

in the discretion of the trial judge. The judge's reasons for denying an award of reasonable attorney's fees in this instance do not appear to be arbitrary or an abuse of his sound discretion.

The judgment in favor of the plaintiffs for $800 is vacated and this matter is remanded to the trial court to correct the judgment. Plaintiffs are entitled to the interest on the security deposit and an award of the costs of bringing this action. The judgment for defendant on his counterclaim is affirmed.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.