**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3387-18T2

GOVERNOR'S POINTE
VILLAGE II CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff-Appellant,

v.

MONIQUE GREENE,

      Defendant-Respondent.

_____

Submitted December 9, 2019 – Decided February 28, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4649-18.

Cutolo Barros LLC, attorneys for appellant (Carla Zappi and Joseph A. Kutschman, on the brief).

Respondent has not filed a brief.

PER CURIAM

This appeal arises from a civil action brought to collect past due condominium association fees. Appellant, Governor's Pointe Village II Condominium Association, Inc., appeals from the trial court's denial of attorney's fees following the award of a default judgment in the amount of $7197.48 against respondent, Monique Green. Specifically, appellant sought $6884 in attorney fees and costs reflecting forty-one claimed hours of professional work. The trial court found that request was not reasonable in light of the amount of the judgment and the limited nature of the proceedings in which defendant did not contest the complaint.

Appellant contends the trial court abused its discretion in declining to award any attorney fees at all. Because the trial court expressly acknowledged that appellant is entitled to an award of reasonable counsel fees, we are constrained to remand this matter for the trial court to determine that amount.

I.

We begin our analysis by acknowledging the legal principles governing this appeal. Generally, "a prevailing party can recover [attorney's] fees if they are expressly provided for by statute, court rule, or contract." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 440 (2001) (citing Dep't of Envtl.

Prot. v. Ventron Corp., 94 N.J. 473, 504 (1983)). In this instance, the Condominium Act provides:

> The association shall have a lien on each unit for any unpaid assessment duly made by the association for a share of common expenses or otherwise, including any other moneys duly owed the association, upon proper notice to the appropriate unit owner, together with interest thereon and any late fees, fines, expenses, and <u>reasonable attorney's fees imposed or incurred in the collection of the unpaid assessment</u>.
>
> [N.J.S.A. 46:8B-21(a) (emphasis added).]

A party entitled to attorney's fees under this Act "need only demonstrate that either the Master Deed or the By-Laws of [an] Association provide for an award of attorney[']s fees in an action to collect overdue assessments."[1] <u>Holbert v. Great Gorge Vill. S. Condo. Council, Inc.</u>, 281 N.J. Super. 222, 229 (Ch. Div. 1994).

As a general proposition, we "grant substantial deference" when reviewing "a trial court's conclusions in a non-jury civil action." <u>Lanzi v. North</u>, 295 N.J. Super. 80, 84 (App. Div. 1996). More specifically, "fee determinations by trial courts will be disturbed only on the rarest of occasions, and then only

---

[1] Plaintiff's Master Deed, Section 5.11 provides that the plaintiff can "proceed [personally] against any delinquent Unit Owner for the recovery of a personal judgment for the amount due, court costs and reasonable attorney's fees."

because of a clear abuse of discretion." Packard-Bamberger & Co., 167 N.J. at 444 (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

II.

The present complaint was filed in August 2018 and default judgment was entered in March 2019. As the trial court noted in its amplification letter submitted to us pursuant to Rule 2:5-1(b), the same parties were involved in prior foreclosure litigation in 2015. The trial court explained:

> This court attempted to reconcile all of the documentation provided in order to make a determination as to a reasonable award of counsel fees and simply was unable to do so. The court found that a request for counsel fees in connection with the [2015] foreclosure matter, which commenced almost four years ago, would have been more appropriately made in the context of that proceeding[,] as this court had no involvement in that matter.

We believe the trial court acted within its discretion in concluding that appellant is only entitled to attorney fees and costs for the work performed on the current litigation, not for work performed with respect to the 2015

foreclosure action. Even if the two matters are related, we agree with the trial court that any application for counsel fees associated with the 2015 foreclosure action should have been sought in that matter.

Having said that, we also agree with the trial court's statement in its amplification letter that, "[p]laintiff was entitled to an award of reasonable counsel fees in connection with this matter," referring to the complaint filed in 2018 resulting in default judgment in 2019. In view of that acknowledgement, we agree that some attorney fees are appropriate, even if appellant sought more than it is reasonably entitled to.

The substantial deference we accord to a trial court's fee determination, Packard-Bamberger & Co., 167 N.J. at 444, presupposes the trial judge determined a specific fee. In this instance, the trial court determined some attorney fee was warranted but failed to determine a specific amount. We believe this case presents one of the rare occasions when appellate intervention is appropriate. Ibid.

We appreciate the difficulty the trial court had in reconciling the documentation submitted by appellant. The task nonetheless remains to arrive at a reasonable amount of fees. We deem it inappropriate for us to exercise original jurisdiction to determine that amount. See Price v. Himeji, LLC, 214

N.J. 263, 294–96 (2013) (explaining that Rule 2:10-5 "allow[s an] appellate court to exercise original jurisdiction to eliminate unnecessary further litigation but discourage[s] its use if factfinding is involved." (alterations in original) (quoting State v. Santos, 210 N.J. 129, 142 (2012))); see also Tomaino v. Burman, 364 N.J. Super. 224, 234–35 (App. Div. 2003) (opining that appellate courts should exercise original jurisdiction "only 'with great frugality'" (quoting In re Boardwalk Regency Casino License Application, 180 N.J. Super. 324, 334 (App. Div. 1981))). The trial court is in a better position than we are to review the appellant's submissions and determine the reasonableness of professional services rendered to obtain the default judgment in this case. See State v. S.S., 229 N.J. 360, 379–81 (2017) (holding that an appellate court is simply not as experienced nor as capable as the trial court at making credibility assessments or factual findings).

To assist the trial court in determining the appropriate amount of counsel fees to award, the court in its discretion may direct appellant to submit additional materials documenting and itemizing the work performed solely with respect to prosecuting the complaint filed in 2018. Nothing in this opinion should be construed to limit the trial court's broad discretion in determining whether

6

reimbursement for a claimed item of professional work is reasonable considering that the 2018 complaint was uncontested.

We add for purposes of facilitating the remand that appellant contends that the trial court misread invoices by crediting respondent, rather than appellant, for making payment to the attorney. It appears appellant may be correct.[2] The trial court on remand should consider this argument when determining a reasonable amount of attorney fees to award.

Finally, we note that appellant's argument that the trial court showed bias against it lacks sufficient merit to warrant discussion in this opinion. Rule 2:11-3(e)(1)(E).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] The trial court lists specific dates and amounts that appear on the invoices in the record, in one instance commenting "[t]he debtor made another payment of $50.00 for which she was given credit." However, the invoices are addressed to appellant and appellant's property manager. Further, the use of "she" seems to indicate that the trial court was referring to respondent, conflating who was paying the legal invoices.

A-3387-18T2